IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICHARD BANKHEAD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 3:07cv208-MHT |
| AMERICAN SUZUKI MOTOR CORPORATION | ) ) ) |
| Defendants. | ) ) |

RECEIVED
2007 MAR -8 P 1:00

**NOTICE OF REMOVAL OF CIVIL ACTION NUMBER CV-07-900011
FROM THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA**

NOW COMES American Suzuki Motor Corporation and files this Notice of Removal of the action referred to herein as Civil Action File No. CV-07-900011 from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division, respectfully showing the Court as follows:

1.

The jurisdictional basis for this removal is 28 U.S.C. § 1332 because (a) the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs; and (b) there is diversity of citizenship between plaintiff and all defendants.

2.

American Suzuki Motor Corporation is a defendant in a civil action pending in the Circuit Court of Russell County, Alabama styled as <u>Richard Bankhead v. American Suzuki Motor Corporation, et al.</u>, Civil Action File No. CV-07-900011.

3.

Copies of all process and pleadings served on or by American Suzuki Motor Corporation in said action are attached hereto as Exhibit A.

4.

This product liability action arises from plaintiff Richard Bankhead's alleged use of a Suzuki GSX-R750K6 Motorcycle in Russell County, Alabama. In his Complaint, plaintiff alleges the motorcycle caught fire causing him to leave the roadway, which resulted in physical injuries including mental anguish and pain and suffering during and following the accident, including medical expenses. Complaint ¶ 7. The plaintiff alleges claims for both compensatory and punitive damages. Complaint ¶ 17, 22, 28, and 30.

5.

The Complaint was filed in the Circuit Court for Russell County, Alabama on January 30, 2007. Plaintiff Richard Bankhead has named as defendants American Suzuki Motor Corporation and three unnamed fictitious parties.

6.

Plaintiff claims that defendant American Suzuki Motor Corporation is liable for his injuries and damages under the following theories: the Alabama Extended Manufacturer's Liability Doctrine, negligence, breach of warranty, and wantonness. Complaint ¶¶ 10-30.

7.

Defendant American Suzuki Motor Corporation was served by certified mail with a summons and a copy of the Complaint on February 6, 2007.

8.

The controversy between plaintiff and defendants is one between citizens of different states.

(a) Plaintiff Richard Bankhead is alleged to be a resident citizen of Lee County, Alabama. Complaint, ¶ 1.

(b) American Suzuki Motor Corporation is a California corporation with its principal place of business in the State of California. American Suzuki Motor Corporation was not at the time of the commencement of said action or at any time thereafter a citizen of the State of Alabama.

(c) The citizenship of defendants sued under fictitious names is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

9.

Based on the allegations contained in the Complaint, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. In his Complaint, plaintiff demands an unspecified amount of compensatory and punitive damages for the physical injuries he suffered including mental anguish, pain and suffering during and following the accident, and medical expenses. See Complaint ¶¶ 17, 22, 28, and 30. The amount in controversy requirement for federal jurisdiction may be satisfied by a demand for punitive damages if it is possible under state law for the jury to award the jurisdictional amount. Ryan v. State Farm Mutual Automobile Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991).

10.

Under Alabama law, punitive damage awards in cases involving claims against product manufacturers routinely exceed the jurisdictional minimum, and Alabama juries have awarded

damages in excess of $75,000 many times. *See e.g., General Motors Corp. v. Saint*, 646 So.2d 564, 565 (Ala. 1994) (jury returned verdict of $13,000,000 in products liability action against an automobile manufacturer); *Sears, Roebuck and Co. v. Harris*, 630 So.2d 1018 (Ala. 1993) ($12,000,000 damages award remitted to $7,350,001); *General Motors Corp. v. Johnston*, 592 So.2d 1054 (Ala. 1992) ($15,000,000 punitive damages award affirmed).

11.

Moreover, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)(holding that "[w]here a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer"), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000). It is apparent from the allegations of the Complaint that this case, which involves claims of physical injuries, including mental anguish, pain and suffering during and following the accident, and medical expenses, as well as claims for punitive damages, involves a controversy whose value for removal purposes is greater than $75,000. Further, the Complaint contains no disclaimer that plaintiff seeks less than $75,000 exclusive of interests and costs.

12.

American Suzuki Motor Corporation may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the plaintiff and defendants; neither defendant is a citizen of the State of Alabama; and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

13.

The pending action is one which may be removed to this Court, and this Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, American Suzuki Motor Corporation prays that this Notice of Removal be filed; that said action bearing Civil Action File No. CV-07-900011 in the Circuit Court of Russell County, Alabama be removed to and proceed in this Court; and that no further proceedings be had in said case in the Circuit Court of Russell County, Alabama.

This 8th day of March, 2007.

_____
One of the Attorneys for Defendants.
American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

  This is to certify that on this 8th day of March, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to:

  Zachary T. Collins, Esq.
  207 Montgomery Street, Suite 215
  Montgomery, Alabama 36104

_____
Of Counsel

ELECTRONICALLY FILED
1/30/2007 12:32 PM
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| **RICHARD BANKHEAD** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.: CV-07-_900011_ |
| **AMERICAN SUZUKI MOTOR CORP.** § | |
| Fictitious Party "A", whose identity is § | |
| presently unknown to the Plaintiffs, who is an § | |
| entity, an individual or corporation § | |
| responsible for the design, manufacture, § | |
| testing or placing into service or marketing § | |
| the Suzuki GSX 750 motorcycle, which is the § | |
| subject of this litigation, Fictitious Party "B", § | |
| whose identity is unknown to the Plaintiffs at § | |
| this time, being that individual, entity or § | |
| corporation responsible for the design, § | |
| manufacture, testing of any component part of § | |
| the Suzuki GSX 750 motorcycle, Fictitious § | |
| Party "C", whose identity is unknown to § | |
| Plaintiffs at this time, being that individual, § | |
| entity or corporation responsible for § | |
| designing, manufacturing, testing, marketing § | |
| and/or selling any failing component part of § | |
| the Suzuki GSX 750 motorcycle; § | |
| § | |
| Defendants. § | |
| § | |
| § | |
| § | |
| § | |

### COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Richard Bankhead is over the age of nineteen (19) years old and a resident citizen of Lee County, Alabama.

2. Defendant, American Suzuki Motor Corporation ("Suzuki") is a foreign corporation doing business by agent in the State of Alabama at large. The principal address for



EXHIBIT A

this Defendant is 3251 E. Imperial Hwy, Brea, California 92821. Suzuki is organized and incorporated in accordance with the laws of the state of California. Defendant Suzuki is in the business of manufacturing, assembling, and distributing motorcycles for use by ordinary customers such as the Plaintiff.

3. Fictitious Defendants, A, B, and C, whose names are currently unknown to the Plaintiff but whose names will be supplemented when ascertained are jointly and severally responsible for the acts, wrongs, accusations, or omissions causing harm to the Plaintiff.

## STATEMENT OF JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court in that the Defendant, Suzuki, is doing business by agent in this State, has sufficient minimum contacts with this State such that it should reasonably anticipate defending this action in this State, and has purposefully availed itself of the benefits and privileges of the laws of this State such that it should reasonably anticipate being hailed into Court in this State.

5. Venue is proper in this Honorable Court in that at all times material thereto, the acts, omissions, and conduct giving rise to this cause of action occurred in Russell County, Alabama.

## STATEMENT OF FACTS

6. On August 1, 2006, Don and Geraldine Joseph, parents of Richard Bankhead, purchased a 2006 Suzuki GSX 750 motorcycle from Extreme Power Sports in Columbus, Georgia.

7. On or about August 2, 2006, the Plaintiff, Richard Bankhead was driving the defective Suzuki GSZ 750 motorcycle at the time it caught fire causing him to leave the roadway. He suffered personal physical injuries, mental anguish, pain and suffering during and

following the accident.

8. The Suzuki GSX 750 motorcycle was designed, engineered, inspected, manufactured, marketed, distributed and sold by Defendant Suzuki and the Fictitious Defendants. The identifying information on the defective motorcycle is "Suzuki GSX 750" The Suzuki motorcycle, which is the subject matter of this lawsuit, is defective in one or more of the following respects: (a) improper design of the starter component; (b) the starter and wiring harness was improperly designed and manufactured creating an unreasonable and dangerous propensity to catch afire under normal and foreseeable circumstances; (c) failure to provide a reasonable and adequate warning to suppliers and users of the starters about the starter's propensity to catch afire; (d) marketing the motorcycle in such a way as to mislead consumers as to the safety, stability, and road worthiness of the motorcycle and its component parts; (e) improper and inadequate testing of the motorcycle and its components; (f) hiding from the public the true nature of the motorcycle and its components and its propensity to catch afire and cause a driver to lose control and be involved in potentially fatal accidents; (g) failing to properly train its employees in the proper inspection, manufacturing, and servicing of its motorcycles; (h) failing to design the subject motorcycle and starter component in a manner so as not catch afire under normal driving conditions and foreseeable service of the subject motorcycle; (i) failing to properly monitor sudden fire causes in its motorcycles and warn the public of its dangerous propensities; (j) failing to conduct proper testing of the subject motorcycle and/or its components to determine safety, stability, and fire resistance or otherwise determine suitability of the component parts of motorcycle which is the subject of this accident; (k) failing to manufacture the motorcycle in accordance with its specifications; and (l) failing to utilize sufficient materials, coverings, and other fire resistant supplies in the motorcycle design to avoid premature fires

from normal usage of motorcycles of this type.

9. This accident was directly and/or proximately caused by the failure of the defective wiring in the starter on the subject motorcycle. Richard Bankhead suffered personal physical injury, mental anguish, pain and suffering as a proximate cause of this accident and claims damages for the same, including medical expenses.

## COUNT ONE--AEMLD

10. Plaintiffs adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

11. Defendant Suzuki and the Fictitious Defendants, at all times relevant to this action, were engaged in the business of manufacturing, assembling, and distributing GSX 750 motorcycles for use in Alabama and elsewhere by ordinary consumers, and did manufacture and distribute the subject GSX 750 driven by Plaintiff at the time of the subject accident, and did disseminate information, advertisements, and promotions for the GSX 750 motorcycle in Alabama.

12. Defendant Suzuki directed or controlled the acts and/or omissions of Fictitious Defendants in the design and manufacture of the subject motorcycle. Defendants Suzuki and the Fictitious Defendants participated in the design, development, testing, manufacturing and/or distribution of the subject motorcycle. Additionally, Defendant Suzuki directed or should have directed the quality control policies, practices and procedures of Fictitious Defendants.

13. Plaintiff avers that the subject Suzuki GSX 750 motorcycle was expected to, and did, reach the consumer without substantial change from its condition at the time and place it left the control of the Defendants.

14. Plaintiff avers that the subject Suzuki GSX 750 motorcycle was defectively designed, manufactured, and assembled resulting in the wiring harness of the starter catching fire during reasonable, foreseeable and ordinary use. The starter was a failing component of the subject motorcycle at the time of the accident.

15. The subject Suzuki GSX 750 motorcycle was defective at the time it left the control of the Defendant, and these defects rendered the starter and motorcycle unreasonably dangerous when used as it was intended to be used by consumers, including Plaintiff, Richard Bankhead.

16. The defective condition of the subject Suzuki GSX 750 motorcycle has been known by Defendants or should have been known by Defendants prior to the sale and distribution of the subject tire to the consumer. Defendant failed to warn of or correct the defective condition. Alternatively, the Defendant knew, should have known or did discover the defects in the subject motorcycle after placing same into production and into the stream of commerce and failed to timely warn the consumers, including Plaintiff Richard Bankhead and/or failed to timely recall the defective products.

17. The unreasonably dangerous defects which existed in the subject Suzuki GSX 750 motorcycle, proximately caused the accident and injuries to Plaintiff, Richard Bankhead

**WHEREFORE**, Plaintiff demands judgment against the Defendants, including the Fictitious Defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

## COUNT TWO – NEGLIGENCE

18. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

19. Defendants negligently designed, manufactured, inspected, tested and distributed the subject GSX 750 motorcycle driven by Plaintiff on August 2, 2006.

20. Defendants negligently warranted that the GSX 750 motorcycle was fit for ordinary use by consumers such as Plaintiff; that the manufacturing process resulted in a motorcycle for ordinary use; and that this motorcycle was not defective.

21. Defendants negligently failed to correct or warn of the defective condition of the motorcycle, after it became known, or reasonably should have been known by the Defendants and negligently failed to properly control distribution of the defective motorcycle.

22. As a proximate result of the Defendants negligent and/or wanton conduct, Plaintiff, Richard Bankhead, suffered personal physical injury, pain, and suffering, and incurred medical bills.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, including the Fictitious Defendants, in such an amount as the jury may award for compensatory damages, plus the cost of this action.

## COUNT THREE—WARRANTY CLAIM

23. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

24. Defendants, including fictitious defendants are sellers, as such term is defined under Section 7-2-103 of the *Alabama Code (2005)*, of motorcycles.

25. Defendants, including fictitious defendants, did distribute and sell the subject GSX 750 motorcycle. The subject motorcycle made the basis of this action were subsequently sold, without modification, to a user or consumer for usage on the subject vehicle.

26. Defendants, including fictitious defendants, warranted that the GSX 750 motorcycle was reasonably fit and suitable for the purpose for which they were intended to be used. Plaintiff avers that Defendants breached said warranty in that at the time the motorcycle was manufactured, assembled, and sold it was in a dangerously defective and unsafe condition.

27. On August 2, 2006, the Suzuki GSX 750 made the basis of this action was in use having been driven by the Plaintiff, Richard Bankhead. Plaintiff was traveling on U.S. Hwy 280/431 at the intersection of Pierce Road in Phenix City, Alabama when said motorcycle suddenly caught fire causing the Plaintiff to lose control of the motorcycle and fall to the ground while traveling.

28. The accident that injured Plaintiff, Richard Bankhead, was proximately and directly related to Defendants' breach of their implied warranty of fitness and suitability for the products intended use.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, including the fictitious defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

### COUNT FOUR--WANTONESS

29. Plaintiffs adopt and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

30. Defendants conduct, including that of the fictitious defendants, was conduct carried on with a reckless or conscious disregard of the rights or safety of others. Said conduct proximately caused the personal injuries to Plaintiff, Richard Bankhead.

WHEREFORE, Plaintiffs demand judgment against the Defendants, including the fictitious defendants, in such an amount as the jury may award for compensatory and punitive damages, plus the cost of this action.

/s/ Zachary T. Collins
———————————————
ZACHARY T. COLLINS (COL126)

OF COUNSEL:

Zachary T. Collins, Attorney at Law, LLC
207 Montgomery Street, Suite 215
Montgomery, AL 36104
Phone: (334) 263-5575
Facsimile: (334) 263-5569

## JURY DEMAND

## PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ Zachary T. Collins
———————————————
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | Case Number:<br><br>57-CV-2007-900011.00 |
|---|---|---|

### IN THE CIVIL COURT OF RUSSELL, ALABAMA
### RICHARD BANKHEAD v. AMERICAN SUZUKI MOTOR CORPORATION

**NOTICE TO** AMERICAN SUZUKI MOTOR CORPORATION, 3251 E. IMPERIAL HWY, BREA CA, 92821

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTE ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ZACHARY COLLINS

WHOSE ADDRESS IS 207 MONTGOMERY STREET, SUITE 215, MONTGOMERY AL, 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  RICHARD BANKHEAD
pursuant to the Alabama Rules of the Civil Procedure

1/30/2007 12:35:33 PM          /s KATHY S. COULTER
Date                            Clerk/Register                                         By

☑ Certified mail is hereby requested    /s ZACHARY COLLINS
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                               Server's Signature



CERTIFIED MAIL

7001 2510 0007 2843 4396

STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
**KATHY COULTER**
*CLERK OF CIRCUIT COURT*
P.O. BOX 518
PHENIX CITY, AL 36868-0518

```
AVS309                      ALABAMA JUDICIAL DATA CENTER
                               RUSSELL        COUNTY
                                   TRANSMITTAL
                                                        CV 2007 900011.00
                                                        ALBERT L. JOHNSON
|-----------------------------------------------------------------------|
|            IN THE CIRCUIT  COURT OF RUSSELL       COUNTY              |
|  RICHARD BANKHEAD V. AMERICAN SUZUKI MOTOR CORPORATION                |
|                                                      RECEIVED         |
|                                                      FEB 0 3 2007     |
|  TO: AMERICAN SUZUKI MOTOR CORPOR   ATTORNEY: *** PRO SE ***          |
|      3251 E. IMPERIAL HWY                             LEGAL OFFICE    |
|      BREA           ,CA  92821-0000                                   |
|                                                                       |
|                                                                       |
|-----------------------------------------------------------------------|
|                                                                       |
|     NOTICE DATE: 01/30/2007      CLERK:KATHY COULTER                  |
|                                        PO BOX 518                     |
|                                        PHENIX CITY  AL  36868-0510    |
|                                        (334)298-0516                  |
|-----------------------------------------------------------------------|
OPERATOR: ANL
PREPARED: 01/30/2007
```