IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RICHARD BANKHEAD,           )
                            )
       Plaintiff,           )
                            )
v.                          )
                            )  CASE NO. 3:07 CV 208 - MHT
AMERICAN SUZUKI MOTOR       )
CORPORATION                 )
                            )  **DEMAND FOR JURY TRIAL**
                            )
       Defendants.          )

RECEIVED
2007 MAR -8  P 1:01

## ANSWER OF DEFENDANT AMERICAN SUZUKI MOTOR CORPORATION

Defendant American Suzuki Motor Corporation ("ASMC" or "Defendant"), answers Plaintiff's Complaint ("Complaint"), and each and every count and claim therein, separately and severally, as follows:

### FIRST DEFENSE

ASMC denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

### SECOND DEFENSE

ASMC denies that it breached any warranty to the plaintiff, express or implied.

### THIRD DEFENSE

ASMC denies that any conduct on its part was the proximate cause of the Plaintiff's claimed injuries and damages.

### FOURTH DEFENSE

ASMC denies that its conduct was in any manner negligent or wanton.

## FIFTH DEFENSE

ASMC avers that the motorcycle involved in the accident was substantially modified or altered after it left Defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of the Plaintiff's alleged injuries and damages.

## SIXTH DEFENSE

ASMC avers that all of the Plaintiff's injuries and damages were caused by the acts or omissions of others for whom ASMC owes no legal responsibility.

## SEVENTH DEFENSE

ASMC denies that the Plaintiff was injured or harmed in any way by any act or omission by ASMC or any of its agents.

## EIGHTH DEFENSE

Any alleged non-conforming or defective condition of the subject motorcycle was the result of abuse, neglect, modification or alteration of the motorcycle that was not authorized by ASMC.

## NINTH DEFENSE

ASMC avers that plaintiff, or some other individual was guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

## TENTH DEFENSE

The claims alleged against ASMC in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

## ELEVENTH DEFENSE

ASMC avers that the Plaintiff's claimed injuries and damages were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of the Plaintiff's claimed injuries and damages.

## TWELFTH DEFENSE

ASMC avers that the plaintiff or some other individual(s) misused the subject motorcycle, and such misuse was the proximate cause of the alleged injuries.

## THIRTEENTH DEFENSE

ASMC denies that it failed to warn the Plaintiff.

## FOURTEENTH DEFENSE

The Complaint fails to state any claim for which punitive damages can be awarded.

## FIFTEENTH DEFENSE

The Complaint fails to state a claim under any liability theory other than the Alabama Extended Manufacturer's Liability Doctrine.

## SIXTEENTH DEFENSE

Imposition of punitive damages against ASMC in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## SEVENTEENTH DEFENSE

Any award of punitive damages based on anything other than ASMC's conduct in connection with the sale of the specific motorcycle that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the

State of Alabama, because any other judgment for punitive damages in this case cannot protect ASMC against impermissible multiple punishment for the same wrong. In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

### EIGHTEENTH DEFENSE

The procedure and methods asserted for awarding punitive damages against ASMC in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### NINETEENTH DEFENSE

Any claim of punitive damages against ASMC cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

### TWENTIETH DEFENSE

Any claim of punitive damages against ASMC cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

### TWENTY-FIRST DEFENSE

Unless both ASMC's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate ASMC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-SECOND DEFENSE

Any claim of the Plaintiff for punitive damages against ASMC cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate ASMC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

## TWENTY-THIRD DEFENSE

Any claim of the Plaintiff for punitive damages against ASMC cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate ASMC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-FOURTH DEFENSE

In 1987, the Alabama Legislature, in Ala. Code § 6-11-21, established a cap on punitive damages of $250,000.00, absent a showing of pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation. On June 25, 1993, the Alabama Supreme Court released its opinion in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), and held that the cap on punitive damages established by Ala. Code § 6-11-21 violated the Alabama Constitution. On June 24, 1994, the United States Supreme Court released its opinion in *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415 (1994). In its opinion, the Court specifically recognized that its previous opinions in *TXO and Haslip* prevent state courts from abolishing limits on punitive damage awards. The Court stated "[t]he *TXO* and *Haslip* opinions established that

states <u>cannot abolish limits on the award of punitive damages</u>." *Oberg,* 512 U.S. at 431 n.9 (emphasis added).  Pursuant to the Supremacy Clause of the United States Constitution, *Oberg* overrules the Alabama Supreme Court's opinion in *Henderson* and reestablishes the cap on punitive damages under Ala. Code § 6-11-21, prior to its readoption and effective date in 1999. In addition, the Alabama Supreme Court, in *Goodyear Tire and Rubber Co. and Nathaneil Willie Jefferson Brock v. Vinson*, 1999 WL 236503 (Ala. July 2, 1999), has criticized the *Henderson* opinion and indicated its willingness to revisit its decision holding the cap unconstitutional.

## TWENTY-FIFTH DEFENSE

Any claim of the Plaintiff for punitive damages against ASMC cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating the Plaintiff for elements of damage not otherwise recognized by Alabama law would violate ASMC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-SIXTH DEFENSE

The claims alleged against ASMC, separately and severally, in the Complaint are barred by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that Plaintiffs' claims are expressly and impliedly preempted by federal law.

## TWENTY-SEVENTH DEFENSE

Any claim of the Plaintiff for punitive damages against ASMC cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously

discriminatory characteristics, including the corporate status of ASMC, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate ASMC's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TWENTY-EIGHTH DEFENSE

Any claim of the Plaintiff for punitive damages against ASMC cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate ASMC's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## TWENTY-NINTH DEFENSE

Any claim of the Plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate ASMC's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and

the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### THIRTIETH DEFENSE

Section 6-11-21, Code of Alabama, bars Plaintiff's claims for punitive damages to the extent they exceed the section's $250,000 limit, which has been established by the Alabama Legislature as the outer limit of reasonableness for awards of punitive damages as a matter of public policy. The Alabama Supreme Court's action in striking down this legislative mandate was beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution; therefore, the action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### THIRTY-FIRST DEFENSE

Shortly after the Alabama Supreme Court publicly criticized its *Henderson* decision, the Alabama Legislature, by amending Ala. Code § 6-11-21, re-established the cap on the amount of punitive damages in a case involving injury to three times the compensatory damages awarded to the party claiming punitive damages, or $1,500,000.00, whichever is greater. Such amendment to this Code section was effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

### THIRTY-SECOND DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

### THIRTY-THIRD DEFENSE

Pursuant to Ala. Code § 6-11-21, ASMC is not liable for any portion of any award of punitive damages wherein there has been no express findings that ASMC engaged in conduct as defined in Ala. Code § 6-11-20. ASMC is not jointly and severally liable to the Plaintiff for any award of punitive damages.

### THIRTY-FOURTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if Plaintiff proves by clear and convincing evidence that Defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff. Accordingly, Plaintiff is not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

### THRITY-FIFTH DEFENSE

To the extent Defendant may be liable for breach of warranty, plaintiff's remedies are governed by and limited to the terms of any applicable express warranty.

### THIRTY-SIXTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to ASMC in this case.

### THIRTY-SEVENTH DEFENSE

ASMC contests the amount and nature of the damages claimed by the Plaintiff.

### THIRTY-EIGHTH DEFENSE

ASMC denies that the motorcycle described in the Complaint was defective when the motorcycle left the possession of ASMC.

### THIRTY-NINTH DEFENSE

ASMC avers that the Plaintiff's claimed damages were the result of superseding and intervening acts other than the alleged defects in the subject motorcycle.

### FORTIETH DEFENSE

ASMC avers that Plaintiff's claimed damages were the result of an independent, intervening event and that said event was the proximate cause of Plaintiff's damages, and the alleged defects in the subject motorcycle was not the proximate cause of Plaintiff's alleged damages.

### FORTY-FIRST DEFENSE

ASMC avers that the invitation for a court or jury to impose liability on ASMC for a motorcycle designed in conformance with the standards set by the United States government would deny ASMC due process of law in violation of the Fourteenth Amendment to the United States Constitution.

### FORTY-SECOND DEFENSE

ASMC avers that the invitation for a court or jury to impose liability on ASMC for a motorcycle designed in conformance with standards set by the United States government would be contrary to the public policy of Alabama and the United States.

### FORTY-THIRD DEFENSE

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by

other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## FORTY-FOURTH DEFENSE

ASMC asserts as a defense, credit or set-off against the damages claimed by the Plaintiff, the settlement (and any monies paid pursuant thereto) between the Plaintiff and any other person or entity and also any monies paid to or on behalf of the Plaintiff for injuries or damages suffered in the incident made the basis of this case by any source.

## FORTY-FIFTH DEFENSE

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part by collateral sources.

## FORTY-SIXTH DEFENSE

ASMC is entitled to a set-off of all amounts paid to the Plaintiff by any defendants, individuals, or entities pursuant to pro tanto settlements. To the extent that any damages claimed by the Plaintiff has been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against ASMC must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

## FORTY-SEVENTH DEFENSE

ASMC avers that the motorcycle at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

11

a) It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control.

b) The motorcycle was neither defective nor unreasonably dangerous.

c) The motorcycle was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

d) The manufacture and design of the motorcycle was well in keeping with the state of the art at the time of the manufacture of the vehicle.

### FORTY-EIGHTH DEFENSE

In 2003, the United States Supreme Court ruled in <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 123 S. Ct. 1513 (2003), that awards exceeding a single-digit ratio between punitive damages and compensatory damages will rarely satisfy due process. Accordingly, any award of punitive damages in excess of a single-digit ratio to compensatory damages cannot be sustained because it would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution.

### FORTY-NINTH DEFENSE

Any risks and dangers inherent in operating the motorcycle involved in the accident were open and obvious.

### FIFTIETH DEFENSE

Defendant denies that it manufactured, designed, assembled, or repaired the subject motorcycle.

### FIFTY-FIRST DEFENSE

To the extent that plaintiffs attempt to allege a breach of warranty claim, such a claim fails due to plaintiff's failure to provide adequate notice and opportunity to cure.

12

## FIFTY-SECOND DEFENSE

The Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any are sought in this case, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process of law.

## FIFTY-THIRD DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clauses of the United States and Alabama Constitutions.

## FIFTY-FOURTH DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which the plaintiff contends is applicable in this case, is constitutionally void in that:

(a) It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer, distributor, and/or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of Defendant with the result that:

(i) It deprives Defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

(ii)     Separately, it deprives Defendant of property without due process of law contrary to Article I, Section 6, of the Constitution of the State of Alabama and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the plaintiff is not entitled to recover in this cause against Defendant.

(b)     It denies Defendant equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer, distributor, and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer, distributor, and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer, distributor, and/or seller would amount to an unreasonable classification, and hence the plaintiff is not entitled to recover against Defendant.

(c)     The attempted imposition of strict liability in this case against Defendant operates to deny Defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that the plaintiff is not entitled to recover against Defendant in this case.

## FIFTY-FIFTH DEFENSE

Defendant contends that the AEMLD is constitutionally void as to Defendant and as applied to acts and circumstances in this case in that:

14

1. It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in this one action;

2. It operates to deny Defendant a fair opportunity to have the jury assess damages based on Defendant's alleged culpability for negligence which cannot be segregated from allegations of negligence against other possible defendants joined in this action;

3. In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives this Defendant of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

4. In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives this Defendant of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

### FIFTY-SIXTH DEFENSE

ASMC reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.

### AND BY WAY OF FURTHER ANSWER

ASMC hereby responds to the individually-numbered paragraphs in the Complaint as follows:

1. Upon information and belief, admitted.

2. ASMC denies that it is in the business of manufacturing or assembling motorcycles. ASMC admits the additional allegations in paragraph 2.

3. ASMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, which are therefore denied.

4. Upon information and belief, admitted.

5. ASMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, which are therefore denied

6. Upon information and belief, admitted.

7. Upon information and belief, ASMC admits that an accident occurred on or about August 2, 2006 involving a Suzuki GSX-R750K6 motorcycle, VIN JS1GR7KA862108568. ASMC denies the additional allegations in paragraph 7.

8. ASMC denies that it inspected, manufactured or designed the vehicle at issue, but admits that it did distribute the subject motorcycle, and admits that it did market Suzuki GSX-R750K6 model motorcycles in the continental U.S. ASMC denies the additional allegations in paragraph 8..

9. Denied.

10. ASMC adopts and incorporates its previous answers and defenses as if fully set forth herein.

11. ASMC denies that it manufactured, assembled or designed the vehicle at issue, but admits that it did distribute the subject motorcycle, and admits that it did advertise Suzuki GSX-R750K6 model motorcycles in the continental U.S. To the extent that additional allegations are raised in paragraph 11 such allegations are denied.

12. ASMC denies that it participated in the design, development, testing, or manufacturing of the motorcycle at issue, but admits that it did distribute the subject motorcycle. ASMC does not know the identity of the Fictitious Defendants, and therefore denies all

allegations regarding same. To the extent that additional allegations are raised in paragraph 12, such allegations are denied.

13. Denied.

14. ASMC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, which are therefore denied..

15. Denied.

16. Denied.

17. Denied.

18. ASMC adopts and incorporates its previous answers and defenses as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. ASMC adopts and incorporates its previous answers and defenses as if fully set forth herein.

24. Denied.

25. ASMC admits that it distributed the motorcycle at issue. Any additional allegations in paragraph 25 are denied.

26. ASMC admits that in the normal course of its business it provides an express, limited warranty for Suzuki motorcycles sold as new by authorized Suzuki dealerships in the continental United States. The terms of said written warranty speaks for itself. Any additional allegations in paragraph 26 are denied.

27. Upon information and belief, ASMC admits that an accident occurred on or about August 2, 2006 involving a Suzuki GSX-R750K6 motorcycle, VIN JS1GR7KA862108568. ASMC denies the additional allegations in paragraph 27.

28. Denied.

29. ASMC adopts and incorporates its previous answers and defenses as if fully set forth herein.

30. Denied.

**TRIAL BY JURY REQUESTED**

_____
One of the Attorneys for Defendant.
American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      This is to certify that on this 8th day of March, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to:

    Zachary T. Collins, Esq.
    207 Montgomery Street, Suite 215
    Montgomery, Alabama  36104

                                                  Of Counsel