IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RICHARD BANKHEAD,           )
                            )
    Plaintiff,              )
                            )
v.                          )     CASE NO. 3:07-CV-208
                            )
AMERICAN SUZUKI MOTOR CORP. )
                            )
    Defendant.              )
                            )

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 27, 2007 at 9:00 a.m. and was attended by:

    Zachary T. Collins for Plaintiff.

    John D. Mayo for defendant American Suzuki Motor Corporation ("ASMC")

1.    Brief Narratives:

    a.    Plaintiff: This accident occurred on August 2, 2006. The plaintiff was riding a 2006 Suzuki GSX-R750K6 motorcycle, and was traveling in the outside, North-bound lane of Highway 280/431 North near the intersection with Pierce Road in Russell County, Alabama. The plaintiff lost control of the motorcycle when the motorcycle suddenly caught fire causing him to leave the roadway and crash into the ditch in the median of the highway. Plaintiff suffered 2nd and 3rd degree burns to his arms and legs as a result and was otherwise injured and damaged as a proximate result of the defective design and negligent manufacturing of the subject motorcycle.

 b. Defendant ASMC: This accident occurred on August 2, 2006. The plaintiff was riding a 2006 Suzuki GSX-R750K6 motorcycle, and was traveling in the outside, North-bound lane of Highway 280/431 North near the intersection with Pierce Road in Russell County, Alabama. The plaintiff lost control of the motorcycle, exited the roadway, and crashed into the ditch in the median of the highway.

  Defendant American Suzuki Motor Corporation denies that it acted negligently or wantonly toward the plaintiff. Defendant ASMC did not design or manufacture the subject motorcycle. At the time the motorcycle left the control of ASMC, the motorcycle was not in an inherently dangerous condition. In addition, ASMC denies that the motorcycle was defectively designed and or that ASMC knew that it was defectively designed. The injuries of the plaintiff was proximately caused by the negligent operation of the motorcycle by the plaintiff or were otherwise caused by the actions of third parties not under the control of ASMC.

2. Initial Disclosures. The parties will exchange by April 11, 2007 the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

 a. Discovery will be needed on the following subjects: Discovery will be required on each element of the causes of action listed in the plaintiff's complaint and all of the affirmative defenses available to the defendant.

 b. Disclosure or discovery of electronically stored information should be handled as follows: A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order,

the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The Court may specify conditions for the discovery.

c. The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

d. All discovery commenced in time to be completed by December 3, 2007.

e. A maximum of 25 interrogatories by each party to any other party. Responses are due 30 days after service.

f. A maximum of 10 depositions by plaintiffs and 10 by each defendant. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

    g.    A maximum of 25 requests for admission by each party to any other party. Responses are due 30 days after service.

    h.    Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiffs by August 6, 2007.

    from American Suzuki Motor Corporation by October 8, 2007.

4. Other Items.

    a.    The parties do not request a conference with the court before entry of the scheduling order.

    b.    The parties request a pretrial conference in April 2008.

    c.    The parties request until May 15, 2007 to join additional parties and amend the pleadings.

    d.    All potentially dispositive motions should be filed by January 7, 2008.

    e.    Settlement cannot be evaluated prior to December 3, 2007.

    f.    Final lists of witnesses and exhibits under Rule 26(a)(3) are due by April 14, 2008.

    g.    Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    h.    This jury action should be ready for trial by May 12, 2008 and at this time is expected to take approximately five days.

Date: __March 28, 2007__

/s/ John D. Mayo
One of the Attorneys for Defendant
American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

/s/ Zacahry T. Collins
Attorney for Plaintiff
Richard Bankhead

OF COUNSEL:

ZACHARY T. COLLINS, ATTORNEY AT LAW, LLC.
Zachary T. Collins, (COLLZ3574)
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104
(334) 263-5575
(334) 263-5569 (fax)