**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RICHARD BANKHEAD,               )
                                )
    Plaintiff,               )
                                )
v.                              )
                                )    CASE NO. 3:07CV208-MHT
                                )
AMERICAN SUZUKI MOTOR CORP., et al.,  )
                                )
    Defendants.              )
                                )

## DEFENDANTS' NOTICE OF SERVICE

TO:    United States District Court
    Middle District of Alabama
    Eastern Division

    PLEASE TAKE NOTICE that the following discovery documents have been served on behalf of defendant, American Suzuki Motor Corporation:

    ( )    First Interrogatories and Request for Production to plaintiffs
    ( )    Answers to Interrogatories
    ( )    Response to Request for Production
    ( )    Request for Admissions
    ( )    Response to Request for Admissions
    (x)    Notice of Service of Subpoenas (see attached)
    ( )    Notice of Deposition
    ( )    Other

                         Attorney for American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this $\underline{5^{th}}$ day of $\underline{April}$, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Zachary T. Collins, Esq.
> 207 Montgomery Street, Suite 215
> Montgomery, Alabama 36104

Of Counsel

2

**ISSUED BY THE**

# UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RICHARD BANKHEAD

## SUBPOENA IN A CIVIL CASE

V.

AMERICAN SUZUKI MOTOR CORP., et al.

CASE NUMBER:  CV 3:07CV208-MHT

**TO:**    Care Ambulance
1150 South Panama Street
Montgomery, AL 36107

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):
SEE EXHIBIT "A" ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| Lightfoot, Franklin & White, L.L.C., 400 20th St. North, Birmingham, AL | 15 days from date of service |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| John D. Mayo, Esq., Attorney for American Suzuki Motor Corporation | |
| *(signature)* | 4/5/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lightfoot Franklin & White L.L.C.,
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203  (205) 581-0700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88(Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)        PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,
subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)        DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit "A"

Note: This subpoena complies with requirements under the
Health Insurance Portability and Accountability Act ("HIPAA"). (See below)

Any and all run reports, medical records, physicians' records, surgeons' records, doctors' notes, nurses' notes, office notes, summary sheets, history and physicals, consultation reports x-rays, CAT scans, MRI films, photographs and any other radiological, nuclear medicine, or radiation therapy films, pathology materials, slides, tissues, laboratory reports, discharge summaries, progress notes, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, patient intake forms, correspondence, insurance records, consent for treatment, statements of accounts, bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical condition of Richard Bankhead, Date of Birth: 9/07/87, Date of transport:8/02/2006.

************************************************************

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the Patient, through his/her counsel, with a copy of this Civil Subpoena.

2.    This Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient to raise an objection.

3.    The time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

Accordingly, You may disclose the requested information in compliance with the HIPAA Privacy Rules.