IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BANKHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 3:07CV208-MHT |
| AMERICAN SUZUKI MOTOR | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure Defendant American Suzuki Motor Company ("ASMC") hereby moves this Court to enter an order compelling Plaintiff to provide responses to ASMC's First Requests for Production.  In support of this motion, ASMC shows unto the Court as follows:

1.  ASMC served its First Set of Interrogatories and First Requests for Production of Documents on May 22, 2007.  See discovery attached hereto as Exhibit A.

2.  On July 12, 2007, after not receiving Plaintiff's responses within thirty days, counsel for ASMC wrote counsel for Plaintiff requesting that Plaintiff respond to the above mentioned discovery. See, July 12, 2007 letter attached hereto as Exhibit B.

3.  On August 2, 2007, counsel for Plaintiff acknowledged the failure to timely respond to ASMC's discovery, further represented that he was in the process of finalizing Plaintiff's responses, and indicated that ASMC would receive the responses on or before August 10, 2007. See August 3, 2007 letter attached hereto as Exhibit C.

4.  Plaintiff served responses to Defendants first set of Interrogatories electronically via the CM/ECF system on August 20, 2007. On August 21, 2007, pursuant to the Court's local rules on service of discovery, the Court struck Plaintiff's interrogatory responses. No further correspondence has been received from the Plaintiff regarding the struck interrogatory responses. Specifically, ASMC has not received a response signed by plaintiff Richard Bankhead.

5.  Now over four months after they were due, ASMC still has yet to receive any responses to Defendant's First Requests for Production of Documents on behalf of the Plaintiff. Counsel for ASMC requests that Plaintiff be compelled to provide full and complete responses to the propounded discovery requests.

6.  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, counsel for ASMC certifies that, prior to filing this motion, efforts have been made without success to resolve this discovery dispute through correspondence with counsel for Plaintiff. See Affidavit of John D. Mayo, counsel for ASMC, attached hereto as Exhibit D.

WHEREFORE, ASMC respectfully requests the Court to enter an Order compelling Plaintiff to provide full and complete responses to ASMC's First Set of Interrogatories and Request for Production of Documents within ten (10) days.

**NO ORAL ARGUMENT REQUESTED ON THIS MOTION.**

/s/ John D. Mayo
One of the Attorneys for Defendant
American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the *19th* day of *November*, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Zachary T. Collins, Esq.
207 Montgomery Street, Suite 215
Montgomery, Alabama  36104

Stewart S. Wilbanks, Esq.
Dillard & Associates, LLC
Fourth Floor, Berry Building
2015 2nd Avenue North
Birmingham, Alabama 35203

/s/ John D. Mayo
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RICHARD BANKHEAD,       )
                             )
     Plaintiff,          )
                             )
v.                            )     CASE NO. 03:07CV208-MHT
                             )
AMERICAN SUZUKI MOTOR CORP., et al.,   )
                             )
     Defendants.       )
                             )

## DEFENDANT AMERICAN SUZUKI MOTOR CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant American Suzuki Motor Corporation ("ASMC"), hereby requests

plaintiff, Richard Bankhead, pursuant to the Alabama Rules of Civil Procedure, to produce for

inspection, examination, copying and photographing at The Clark Building, 400 20th Street

North, Birmingham, Alabama, within thirty days or at such other time and place as may be

agreed upon by counsel, each of the following described documents and things:

### DEFINITIONS AND INSTRUCTIONS

A.     "You," "your" and "plaintiff" herein shall include Richard Bankhead, and

any agent or other person acting or purporting to act on your behalf, now or in the past, including

but expressly not limited to your attorneys, and any expert employed on your behalf for the

purpose of this litigation.

B.     "Defendant" and "ASMC" each refer to ASMC.

C.     "Accident" refers to the incident described in your Complaint which

occurred on or about August 2, 2006 and any injury resulting therefrom as alleged in your

Complaint.

**EXHIBIT**

A

D.      "Motorcycle" refers to the 2006 Suzuki GSX-R750K6 Motorcycle, VIN JS1GR7KA862108568 referred to in the Complaint.

E.      "Expert" herein refers to any person who is now employed by you or was employed by you for the purpose of this litigation or for preparation of this litigation for trial, including but expressly not limited to engineers, physicians, and any person who was previously employed by ASMC or the Motorcycle industry.

F.      "Documents" shall refer and include all written or graphic material, or other tangible medium of reproduction of every kind and description, however produced or reproduced, including but not limited to correspondence, statements, memoranda, films, x-rays, emails, recordings of any type, transcripts, photographs, slides, drawings, sketches, forms, letters, reports, medical reports, financial statements, telegrams, abstracts and any other material similar to any of the foregoing, however, denominated, by whomever prepared, to whomever addressed, which are in your (as defined herein) custody or to which you have had or can obtain access.  This request for documents seeks production of all documents described, including all drafts, of whatever date, and all non-identical copies or originals.

G.      "Communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes or any other form of oral or written intercourse.

H.      "Relate to or concern" shall refer to any documents that refer in any way, directly or indirectly, to or are connected with any paragraph of this request in any legal, logical or factual way.

I.      "Person" includes any individual, corporation, partnership, proprietorship

or any other collective organization or entity unless the context clearly indicates reference to an individual person.

J.    "Statement" refers to any document that contains or reflects a report of facts, opinions, declarations, remarks or a summary thereof.

K.    If you assert that any document called for by this request is privileged, you shall provide the following information with respect to each document:

(1)    Its date;

(2)    Its author;

(3)    All addresses or recipients of the original or copies thereof;

(4)    A brief description of its subject matter and physical size; and

(5)    The nature of the privilege claimed.

M.    In producing documents pursuant to this request, you should indicate the specific request(s) in response to which each document or group of documents is being produced.  If there are no documents in your custody or control which are responsive to any specific request, you shall furnish a written response attesting to this fact.

N.    "ASMC Document" refers to any test, report, communication or memorandum generated by any present or former ASMC employees in the discharge of their duties as ASMC employees.

O.    Unless otherwise indicated, this request for production of documents seeks all documents existing or prepared through the present.

P.    This request shall be deemed continuing so as to require prompt supplemental production if you obtain additional documents at any time between the time of initial production and the time of hearing or trial.

Q.    If any documents requested herein have been lost, discarded, or destroyed, the documents so lost, discarded or destroyed shall be identified as completely as possible, including the following information:  author, date, and subject matter, date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

## DOCUMENTS REQUESTED

1.    All records, bills, statements and invoices of any type, including, but not limited to, those from ambulance companies, doctors, hospitals, and dentists,  evidencing any medical expenses which you contend were incurred as a result of the incident made the basis of the Complaint.

2.    All documents of any kind evidencing or referable to any other expenses of any kind whatsoever which you contend were incurred as a result of the subject accident.

3.    All contracts, bills of sale, receipts, window stickers, security agreements, buyer's order, buyer's proposal, correspondence and all other documents of any kind whatsoever relating in anyway to the purchase of the Motorcycle made the subject of the Complaint.

4.    All operator's manuals, warranty books or pamphlets, owner's cards, warranty cards and all other documents of any kind whatsoever relating in any way to the Motorcycle made the subject of the Complaint.

5.    All medical records, correspondence, memoranda, reports, invoices, statements and all other documents evidencing any medical treatment rendered to plaintiff which resulted from the accident made the basis of the Complaint.

6.      All repair orders, estimates of repair, invoices, bills, correspondence and all other documents of any type referable to any and all repair and maintenance work performed on the Motorcycle made the subject of your Complaint <u>at any time whatsoever.</u>

7.      All income tax returns, federal and state, with all attachments and schedules thereto and all W-2 forms, filed by plaintiff for each of the last seven years to the present.

8.      All documents of any type evidencing any compensation, income, or benefits of any type, received from any source whatsoever, including governmental agencies and insurance companies, received by you since the date of the subject accident.

9.      All correspondence from you or anyone acting on your behalf to ASMC or any agent or division of ASMC which relates in any way to the accident or the Motorcycle made the basis of this action.

10.      All correspondence from ASMC or any agent or division of ASMC to anyone concerning the Motorcycle or the accident in question, including all correspondence of any type to you, your agent, your attorney, or anyone assisting you in this case.

11.      All correspondence from you or anyone acting on your behalf to any person, firm or entity of any kind wherein you or the person acting on your behalf made allegations concerning or referable in any way to the accident or the Motorcycle made the basis of this lawsuit or your contentions with respect thereto.

12.      All statements, whether oral, written, or recorded, taken by you or anyone acting on your behalf, from any person concerning the accident or the Motorcycle made the basis of this lawsuit.

13.     The subject Motorcycle and all parts thereof, including any part(s) which have been removed or separated from the Motorcycle.

14.     All documents, photographs, statements, estimates, repair orders, invoices or accident reports which relate to or concern any accident or collision that the Motorcycle was involved in <u>prior</u> to August 2, 2006.

15.     All photographs, slides and videotapes of the Motorcycle in question taken at any time by any person.

16.     All photographs, slides, and videotapes depicting in any way the scene of the subject accident taken at any time by any person.

17.     All photographs, slides, and videotapes evidencing in any way the injuries received by plaintiffs' decedents which resulted from the accident in question.

18.     All documents, photographs or videotapes which contain any statements or representations that relate to or reflect the condition of the subject Motorcycle prior to and following the accident made the basis of this lawsuit.

19.     All documents, photographs or videotapes which relate to or reflect any independent test performed on the Motorcycle in question or any prototypes thereof.

20.     Each and every document, photograph and videotape which you intend to offer into evidence at the trial of this case.

21.     All documents evidencing, supporting, or relating to any of the claims, allegations, or facts asserted by you in this lawsuit.

22.     All books, drawings, magazines, manuals, reports, surveys, treatises, articles, patents, plans, specifications and all documents of any type containing any technical, engineering or scientific information which you contend support your claims asserted in this

action, including but not limited to, all said documents which you will or may offer into evidence at the trial of this action or which have been considered, reviewed, analyzed or relied upon by an expert witness which you expect to testify at the trial of this case.

      23.     Any and all documents which originated or emanated from ASMC, Suzuki Motor Corporation or any of their predecessors, or could be construed as a Suzuki Motor Corporation or ASMC document, that are in your possession, your attorney's possession, or the possession of anyone assisting you or your attorney in this case.

      24.     Any and all documents which originated or emanated from Suzuki Motor Corporation, ASMC or any of their predecessors, or could be construed as a Suzuki Motor Corporation or ASMC document, which are in your possession, your attorney's possession, or in the possession of anyone assisting you or your attorney in this action, and which have been considered, reviewed, analyzed or relied upon by any expert witness which you expect to testify at the trial of this case.

      25.     Any and all government papers and documents prepared or generated at the direction of any governmental agency in your possession, the possession of your attorney, or the possession of anyone assisting you or your attorney in this action, which have been considered, reviewed, analyzed or relied upon by any expert witness which you expect to testify at the trial of this case.

      26.     Any and all papers and documents which originated or emanated from any Motorcycle manufacturer other than Suzuki Motor Corporation, which are in your possession, your attorney's possession, or the possession of anyone assisting you or your attorney in this action, which have been considered, reviewed, analyzed or relied upon by any expert witness which you expect to call to testify at the trial of this case.

27.     Any and all documents that reflect, refer to, or memorialize any communications between you and ASMC or Suzuki Motor Corporation concerning the Motorcycle at issue, including, but not limited to, correspondence, memoranda, notes, statements, agreements, warranties, and receipts or invoices relating to your purchase of the subject Motorcycle.

28.     Any documents or communications relating to or reflecting the subject matter on which your experts are expected to testify, including, but expressly not limited to, documents or communications reflecting the nature and extent of your alleged injuries and damages; the condition of the Motorcycle before and after the alleged accident; the design of the Motorcycle; and any documents prepared during or subsequent to either the inspection or testing of said Motorcycle or component parts thereof by any person.

29.     Any documents or communications reviewed or relied on by any experts you expect to call at the trial of this matter.

29.     Any and all accident reports, incident reports, ambulance run reports or similar documents relating to the accident made the basis of your Complaint, including any other documents of any kind whatsoever that contain the name of any person or entity who investigated the accident or was present at the scene of the accident.

30.     Any and all documents evidencing any damages that you claim you have sustained as a result of the accident made the basis of your Complaint.

31.     Any and all documents that relate to or concern any communication between you and any other person that refers to the subject accident.

32.     All documents of any kind prepared by any doctor or other medical professional referable to any opinion concerning your mental or physical condition immediately prior to and immediately following the accident made the basis of this lawsuit.

33.     Any and all documents identified by you in response to Defendant's First Interrogatories to Plaintiff.

_____
One of the Attorneys for Defendant
American Suzuki Motor Corp.

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of May    , 2007, that I have mailed by United States Postal Service the document to the following:

Zachary T. Collins, Esq.
207 Montgomery Street, Suite 215
Montgomery, Alabama  36104

Stewart S. Wilbanks, Esq.
Dillard & Associates, LLC
Fourth Floor, Berry Building
2015 2nd Avenue North
Birmingham, Alabama 35203


Respectfully submitted,

_____
Of Counsel

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD BANKHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 03:07CV208-MHT |
| | ) | |
| AMERICAN SUZUKI MOTOR CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT AMERICAN SUZUKI MOTOR CORPORATION'S FIRST INTERROGATORIES TO PLAINTIFF

Defendant American Suzuki Motor Corporation ("ASMC") hereby propounds the following interrogatories to be answered within thirty (30) days under oath by the plaintiff, Richard Bankhead.

## DEFINITIONS

As used in these Interrogatories, the following definitions apply:

1.      "Complaint" refers to the Complaint filed in this action.

2.      "Accident" refers to the motor vehicle accident described in the Complaint which occurred on or about August 2, 2006.

3.      "Defendant" and "ASMC" each refer to ASMC.

4.      "ATV" refers to the 2006 Suzuki GSX-R750K6 Motorcycle, VIN JS1GR7KA862108568 referred to in the Complaint.

5.      "You," "your" and "plaintiff" refers to, Richard Bankhead, as named in the Complaint.

6.     "Person" includes any natural person, firm, association, organization, partnership, business trust, corporation, or governmental entity.

7.     "Custodian" refers to each person having possession, custody or control of the item or items described.

8.     "Writing" or "document" refers to every writing and record of every type and description, including, but not limited to, correspondence, memoranda, drawings, surveys, plans, canceled checks, handwritten notes, tapes and records of all types, studies, books, pamphlets, schedules, pictures, graphs, charts, maps, photographs, films, videotapes, X-rays, emails, medical records, deeds, contracts, logs, computer punch-cards, computer tapes, computer software, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded, or preserved.  The term "writing" or "document" also includes every copy of an original writing, unless the copy is an identical copy of the original.

## PRELIMINARY INSTRUCTIONS

A.     If you contend that one or more parts of an Interrogatory are objectionable, answer each portion of the Interrogatory that you do not contend is objectionable.

B.     Whenever an address and telephone number of a natural person are requested, you are requested to furnish both the business and residence addresses and the business and residence telephone numbers of that person last known to you, whether or not you believe those data to be current.  If you have only a partial address (e.g., the city and state), it should be stated.

C.     Whenever you are asked to "identify" or to "describe" a document, you are requested to provide the following information with respect to that document (of which all except items 5 and 6 may be satisfied by attaching a legible copy of the document to your answers hereto):

1.  a description of the nature (e.g., memorandum, letter, photograph) and substance of the document, with sufficient particularity to enable the document to be identified for purposes of a document request or subpoena;

2.  the date, if any, which the document bears as an indicated date of preparation, mailing or distribution;

3.  the identify of each person, if any, who executed, or is otherwise indicated as the author of, the document;

4.  the identity of each person, if any, to whom the document is addressed or who is shown as having received the original or a copy;

5.  the present location of the original of the document; and

6.  the identity of each person having possession, custody or control of the document;

D.    When you are asked to "identify" or to "state the identity of" a person, you are requested to provide the following information with respect to that person:

1.  full name;

2.  last business address known to you;

3.  last business telephone number known to you;

4.  last residence address known to you;

5.  last residence telephone number known to you;

6.  name of most recent employer known to you; and

7.  relationship, if any, to you or to any other party to this action;

E.    If you refuse to provide any information requested by any of these Interrogatories because you contend that the information is privileged or work product, state the nature of each

3

such contention or objection, state the factual basis for the assertion of privilege or work product immunity, and, where the information is contained in or pertains to a writing, identify the writing in the manner described in paragraphs C of these Preliminary Instruction.

## **INTERROGATORIES**

1.     Please state your full name and any other names by which you have been known and the dates you were known by each; the name of your current spouse, if any; the date(s) of any prior marriage(s) and the name(s) of any prior spouse(s); your Social Security Number; your date of birth; your current address; your address at the time of the accident and all prior addresses where you have resided during the last ten (10) years, including the respective dates of residence at each.

**RESPONSE:**

2.     As to each person who witnessed, claims to have witnessed, or is reported to have witnessed the accident, please state the <u>name and address</u> of the person, the point or position from which the person witnessed, claims to have witnessed, or is reported to have witnessed the accident, and the identity of each document stating or implying that the person witnessed the accident.

**RESPONSE:**

3.     Describe the plaintiff's activities during the twenty-four hours leading up to the accident, including where the plaintiff was going at the time of the accident, and state the <u>name and address</u> of each person, if any, who saw, claims to have seen, or is reported to have seen the plaintiff at any time within twenty-four (24) hours before the accident.

**RESPONSE:**

4.     If you expect to call anyone as an expert witness in the trial of this case, state with respect to each such expert witness his <u>name, residence and employer addresses,</u> the subject

matter on which he is expected to testify, the substance of the facts and opinions to which he is

expected to testify, a summary of the grounds for each such opinion, his occupation, his

education and experience or other background which you contend qualifies such person to testify

as an expert witness on the matters referred to in your answers to this interrogatory, and list all

publications, speeches, presentations, etc. ever authored or made by said expert or experts.

**RESPONSE:**

5.      For each policy of insurance insuring the plaintiff, or the Motorcycle that was

involved in the accident, please state separately for each such policy the name and address of the

company insuring the plaintiff, or the Motorcycle; the policy number; the date the policy was

obtained; the expiration date of the policy; a list of each claim made by the plaintiff or any

person against the policy; the identity of the claimant; the date and amount of each payment

made by the insurance company; and the identity of the person to whom the payment was made

under the policy.

**RESPONSE:**

6.      If you have ever been convicted of any crime, state separately for each such

conviction the name and location of the court in which the conviction was entered, the date of the

conviction, the crime or crimes of which you were convicted, and any sentence imposed.

**RESPONSE:**

7.      If you have ever been a party to any other lawsuit, please state separately for each

such lawsuit the identity of each party and the attorneys for each; the name and location of the

court where the suit was filed; the date of filing; the nature of the suit, including the subject

matter and the relief sought; the present status of each suit and, if concluded, the final result,

including the amount of any settlement or judgment obtained by each party.

**RESPONSE:**

8.    State the name and address (city and state) of each elementary school, middle school, high school, vocational school, trade school, college, university or correspondence school which you attended, including the dates of attendance, the date and name of any degree received and the major courses of study.

**RESPONSE:**

9.    List each job or position of employment, including self-employment, ever held by you, and state separately as to each such job or position the name, business address, and business telephone number of the employer; the starting and ending dates of employment; the title, if any, and the duties performed; the identity of immediate supervisor(s); the rate of pay or compensation, including benefits received; whether the termination of any prior employment was initiated by you or the employer, and the reason(s) for each termination.

**RESPONSE:**

10.    State the number of miles the Motorcycle had been driven at the time of the accident, as well as your source of that number.

**RESPONSE:**

11.    If any person or entity conducted or authorized any private or unofficial investigation of the accident, please state the identity and address of each person or entity that requested, required, authorized, conducted, or participated in the investigation, the dates on which the investigation was conducted, and the identity of each document that authorizes, refers to, summarizes, analyzes, reports on, draws conclusions from, or makes recommendations based on all or any part of the investigation.

**RESPONSE:**

12.    State the present location of the Motorcycle, and for each person who has had possession, custody, or control of the Motorcycle (including any part thereof) at any time

following the accident up to the present, state the person's <u>identity and address</u>, the part or parts of the Motorcycle in the person's possession, custody or control at any time, the date the person obtained possession, custody or control, the date, if any, on which the person relinquished possession, custody or control, and <u>each address</u> at which the Motorcycle or Motorcycle part was kept while in the person's possession, custody, or control.

**RESPONSE:**

      13.    If the Motorcycle has been modified in any way since the moment it came to rest immediately after the accident, state separately for each such modification the exact nature of the modification, the date of the modification, the <u>identity and address</u> of each person who made or authorized the modification, the purpose of the modification, the identity of each document and/or photograph(s) or videotape, if any, referring to, describing, depicting, recording, requesting, paying for, or authorizing the modification (as used in this Interrogatory, "modified" and "modification" include, but are not limited to, turning lights on or off, shifting the transmission from one gear to another, removing any sample of cloth, metal, or other material, removing any object or component from the Motorcycle, opening or prying open any door or compartment, and bending or straightening any handle bars or other component), and where the modification occurred.

**RESPONSE:**

      14.    If any person has conducted any test, inspection or examination of the Motorcycle since the accident occurred, state separately for each such test, inspection, or examination the <u>identity and address</u> of each person who was present, the identity of each person who conducted, rather than merely observed, any part of the test, inspection, or examination, the location where the test, inspection, or examination took place, approximately how long the examination, test, or inspection took, each step involved in the test, inspection, or examination, each item of

equipment, part, and component of the Motorcycle so tested, inspected, or examined, and the manner in which it was tested, or examined, and the identity of each document referring to, describing, summarizing, reporting, drawing conclusions from, or making recommendations based on that test, inspection, or examination.

**RESPONSE:**

15.    If you contend that the Motorcycle was defectively designed or manufactured at the time it was sold, state the nature of each such design or manufacturing defect, each component, feature, part, or system that you contend was defectively designed or manufactured, each design specification, if any, that the Motorcycle or Motorcycle component failed to meet, and each defect pertaining to safety, if any, in which the Motorcycle differed from other vehicles designed or manufactured, and identify each and every document and tangible piece of evidence which you claim supports your contention that the Motorcycle, or any component part thereof, was improperly or defectively designed or manufactured.

**RESPONSE:**

16.    If you contend that the Motorcycle was not safe and fit for ordinary purposes and failed to perform as an ordinary customer would expect, state each respect in which you contend that the Motorcycle failed to perform as an ordinary customer would expect, how the ordinary customer would expect the Motorcycle to perform in the accident, and the identity of each document which states or implies that the ordinary customer would have the expectations described.

**RESPONSE:**

17.    If you contend that the risk of harm in the design of the Motorcycle outweighed the benefits in the design, state each risk of harm (nature and probability) posed by the design utilized, each benefit of the design utilized, the manner in which you compare the risks to the

8

benefits to reach your conclusion that the risks outweigh the benefits, and the amount by which, or the degree to which, the risks outweigh the benefits.

**RESPONSE:**

18.    If you contend that the design or manufacture of the Motorcycle caused the plaintiff to sustain any injuries as a result of the accident described in the Complaint, or caused any of the injuries to be aggravated or more severe than they otherwise would have been, please describe in detail how the design or condition caused the plaintiff to sustain injuries he would not otherwise have sustained or caused the injuries to be aggravated or more severe than they otherwise would have been, and describe in detail each injury the plaintiff sustained because of the design or condition of the Motorcycle. In addition, describe each alternative design that you contend would make the allegedly defective Motorcycle non-defective by stating the exact description of the alternative design, including a description of each item or component of the alternative design, each respect in which the alternative design would have increased the overall safety of the Motorcycle, the additional monetary cost to the consumer if the Motorcycle had incorporated the alternative design, and each respect in which the Motorcycle would have to have been modified in order to incorporate the alternative design.

**RESPONSE:**

19.    If you or your attorneys or anyone acting on your behalf have agreed to pay to any person, or corporation other than your attorney of record in this case, a portion of any settlement or judgment you might receive in this lawsuit, state separately as to each such person or corporation the identity of that person or corporation, the services or materials, if any, that person or corporation is providing or will provide as consideration for payment, the amount of money or percentage of settlement or judgment you have agreed to pay, and the identity of each document constituting, containing, comprising or referring to your payment or agreement to pay.

**RESPONSE:**

20.    If you expect to call any witnesses at the trial of this case regarding alleged

similar incidents, state the <u>name and address</u> of each such witness, the nature of the injuries

received by each such witness, and a summary of the accident each such witness was involved

in, including the date, time and location of the accident.

**RESPONSE:**

21.    Identify and describe in detail all injuries, whether physical, mental or emotional,

that you have experienced since the accident and that you contend were caused, aggravated, or

otherwise contributed to by the accident and itemize each item of damage you claim to have

incurred as a result of the accident made the basis of your complaint.

**RESPONSE:**

22.    If you allege that this defendant failed to properly instruct and/or warn of a

dangerous or defective condition existing in the four wheeler involved in the incident, state with

particularity the condition that required instruction or warning, the nature of the instruction or

warning; the manner in which the instruction or warning should have been communicated; the

identity of similar products that incorporate such warnings or instructions and the substance of

the warnings; and whether instruction or warnings are required or recommended by regulation or

other authority.

**RESPONSE:**

_____

One of the Attorneys for Defendant
American Suzuki Motor Corp.

10

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on this __22__ day of __May__, 2007, that I have mailed by United States Postal Service the document to the following:

        Zachary T. Collins, Esq.
        207 Montgomery Street, Suite 215
        Montgomery, Alabama  36104

        Stewart S. Wilbanks, Esq.
        Dillard & Associates, LLC
        Fourth Floor, Berry Building
        2015 2nd Avenue North
        Birmingham, Alabama 35203

        Respectfully submitted,

        Of Counsel

# LIGHTFOOT FRANKLIN & WHITE LLC
### TRIAL & APPELLATE COUNSEL

John D. Mayo
Writer's Direct Dial: 205-581-0769
Writer's Direct Fax: 205-380-9169
jmayo@lfwlaw.com

July 12, 2007

Zachary T. Collins, Esq.
207 Montgomery Street, Suite 215
Montgomery, Alabama  36104

Stewart S. Wilbanks, Esq.
Dillard & Associates, LLC
Fourth Floor, Berry Building
2015 2nd Avenue North
Birmingham, Alabama 35203

    **Re:**    *Richard Bankhead v. American Suzuki Motor Corporation*

Dear Zach and Stewart:

    The Plaintiff was served with interrogatories and requests for production of documents on or about May 22, 2007. By my calendar, the discovery responses were due on or about June 25, 2007, which includes three extra days for service by mail. I have yet to receive the responses or a request for an extension of time. Please forward me the discovery responses in the next ten (10) days. Your attention to this matter is greatly appreciated.

Sincerely,

John D. Mayo

JDM:afh
cc:    Jere F. White, Jr. Esq.
       S. Andrew Kelly, Esq.

**EXHIBIT**

B

# LIGHTFOOT FRANKLIN & WHITE LLC
### TRIAL & APPELLATE COUNSEL

John D. Mayo
Writer's Direct Dial: 205-581-0769
Writer's Direct Fax: 205-380-9169
jmayo@lfwlaw.com

August 3, 2007

Stewart S. Wilbanks, Esq.
Dillard & Associates, LLC
Fourth Floor, Berry Building
2015 2nd Avenue North
Birmingham, Alabama 35203

**Re:**   *Richard Bankhead v. American Suzuki Motor Corporation*

Dear Stewart:

Thanks for your call of August 2, 2007. Per our conversation, the motorcycle inspection has been scheduled for 1:00 p.m. the afternoon of Tuesday, August 7, at the home of the plaintiff, Richard Bankhead. Also, you have agreed to provide me with the overdue discovery responses on or before August 10, 2007.

Thank you for your attention to this matter.

Sincerely,

John D. Mayo

JDM:tew
cc:   Jere F. White, Jr. Esq.
      S. Andrew Kelly, Esq.



**EXHIBIT**

C

STATE OF ALABAMA          )
                          )
JEFFERSON COUNTY          )

## AFFIDAVIT

On this day appeared before me, the undersigned notary public, John D. Mayo, who is personally known to me and who upon her oath deposed and stated as follows:

1.      My name is John D. Mayo.  I am counsel of record for Defendant, American Suzuki Motor Company ("ASMC").  I am of sound mind, suffer no legal disabilities, and am fully competent in all respects to make this affidavit.  I have personal knowledge of the matters stated herein, and such matters are true and correct to the best of my knowledge.  This affidavit is submitted in support of ASMC's Motion To Compel.

2.      ASMC served its First Set of Interrogatories and First Request for Production of Documents on May 22, 2007. On July 12, 2007, after not receiving Plaintiff's responses within thirty days, counsel for ASMC wrote counsel for Plaintiff requesting that Plaintiff respond to the above mentioned discovery.

3.      On August 2, 2007, counsel for Plaintiff acknowledged the failure to timely respond to ASMC's discovery, further represented that he was in the process of finalizing Plaintiff's responses, and indicated that ASMC would receive the responses on or before August 10, 2007.

4.      On August 20, 2007 Plaintiff served responses to Defendants first set of Interrogatories electronically via the CM/ECF system on August 20, 2007.

5.      On August 21, 2007, pursuant to the Court's local rules on service of discovery, the Court stuck Plaintiff's interrogatory responses. No further correspondence

1

EXHIBIT

D

has been received from the Plaintiff regarding the struck interrogatory responses. Specifically, ASMC has not received a response signed by the plaintiff Richard Bankhead.

6.     ASMC still has not received any responses to its first request for production on behalf of the Plaintiff.

**FURTHER AFFIANT SAYETH NOT.**


_____
JOHN D. MAYO

Sworn to and subscribed before me on this the _19th_ day of November, 2007.


_____
Notary Public

(SEAL)

Commission
Expires:    3·19·08

2