IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICHARD BANKHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 3:07CV208-MHT |
| AMERICAN SUZUKI MOTOR ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO REMAND

NOW COMES American Suzuki Motor Corporation ("ASMC") and files this Response in Opposition to Plaintiff's Motion to Remand. Plaintiff files this motion to remand approximately eight months since the case was removed, on the grounds that the jurisdictional amount in controversy has not been met. Plaintiff states in his Motion to Remand that he is not seeking damages in excess of $75,000 and attaches a new settlement demand in the amount of $70,000 as evidence thereof. Plaintiff is attempting to play games with the Court's jurisdiction. Plaintiff's initial settlement demand was in the amount of $150,000, thus indicating that the Plaintiff intended to seek damages far in excess of the jurisdictional minimum. Only after ASMC filed a Motion for Summary Judgment, did the Plaintiff, in an apparent attempt to escape the Court's jurisdiction and judgment, file a motion to remand the case to state court.

### STATEMENT OF FACTS

This product liability action arises from Plaintiff Richard Bankhead's use of a Suzuki GSX-R750 Motorcycle in Russell County, Alabama. In his Complaint, Plaintiff alleged that the

motorcycle spontaneously "caught fire" causing him to leave the roadway, resulting in physical injuries including mental anguish and pain and suffering during and following the accident and medical expenses. *See* Complaint at ¶ 7. In the Complaint, Plaintiff claimed an unspecified amount of both compensatory and punitive damages. *Id.* at ¶ 17, 22, 28, and 30. The Complaint was filed on January 30, 2007. ASMC was served by certified mail with a summons and a copy of the Complaint on February 6, 2007, and timely removed the case on March 8, 2007. *See* Notice of Removal.

Following the removal, the court entered a Rule 26f Order, ordering the parties to meet and confer and develop and submit a proposed discovery plan. The parties did meet and confer by teleconference on March 27, 2007, a proposed discovery plan was discussed and agreed upon, and was subsequently filed with the Court on March 28, 2007. Pursuant to the agreed upon proposed discovery plan, the Court entered a scheduling order on April 4, 2007. The scheduling order set out certain deadlines, one of which being when the parties were to disclose and provide expert reports. The Plaintiff failed to disclose his expert on the date or in the manner ordered by the Court. Pursuant to the Court's scheduling order, ASMC disclosed and provided an expert report on October 8, 2007.

In a letter dated October 5, 2007, Plaintiff's counsel, based on Plaintiff's injuries and property damage, made an initial settlement demand in the amount of $150,000. *See* October 5 letter, attached hereto as Exhibit A. On November 19, 2007, ASMC filed a Motion for Summary Judgment and a Motion to Compel Discovery Responses. On November 30, 2007, after over eight months of litigating in Federal Court, and only after ASMC filed a Motion For Summary Judgment, did Plaintiff file his Motion to Remand.

# ARGUMENT

Unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction includes diversity jurisdiction under 28 U.S.C. § 1332, which requires that plaintiffs and defendants be citizens of different states and that the amount in controversy exceed $75,000. The only issue in this case is whether the amount in controversy requirement has been met.[1]

## I. Removal to Federal Court Was Proper Based on the Preponderance of the Evidence

ASMC acknowledges that as the removing defendant, it carries the burden of establishing that the Court has proper jurisdiction to hear this case. However, when the amount in controversy is in issue, the level of the defendant's burden of proof varies depending upon the allegations contained in the plaintiff's complaint. Under Eleventh Circuit precedent, when a complaint specifically claims damages less than the requisite jurisdictional amount for diversity jurisdiction, a defendant must prove to a "legal certainty" that the plaintiff's claims would lead to a recovery greater than the jurisdictional minimum. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

In contrast, when the amount of damages sought in the complaint is unspecified, a removing defendant need only prove by a <u>preponderance of the evidence</u> that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Moss v. Voyager Ins. Cos.*, 43 F.Supp.2d 1298, 1301 (M.D. Ala. 1999); *see also Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995)("This court holds that in a diversity case where no specific

---

[1] Plaintiff does not dispute that the other jurisdictional requirements have been met.

3

amount of damages is claimed in the complaint filed in state court, the removing defendant's burden is to establish by a <u>preponderance of the evidence</u> that the amount in controversy is greater than $50,000 and that this may be done by sufficient proof that a plaintiff's verdict reasonably may exceed that amount.")(emphasis added).

Based on the allegations made in the Complaint, the amount in controversy exceeded the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. In his Complaint, Plaintiff demanded an unspecified amount of compensatory and punitive damages for the physical injuries he suffered including mental anguish, pain and suffering during and following the accident, and medical expenses. *See* Complaint at ¶¶ 17, 22, 28, and 30. The amount in controversy requirement for federal jurisdiction may be satisfied by a demand for punitive damages if it is possible under state law for the jury to award the jurisdictional amount. *Ryan v. State Farm Mutual Automobile Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991).

Under Alabama law, punitive damage awards in cases involving claims against product manufacturers routinely exceed the jurisdictional minimum, and Alabama juries have awarded damages in excess of $75,000 many times. *See e.g.*, *General Motors Corp. v. Saint*, 646 So.2d 564, 565 (Ala. 1994) (jury returned verdict of $13,000,000 in products liability action against an automobile manufacturer); *Sears, Roebuck and Co. v. Harris*, 630 So.2d 1018 (Ala. 1993) ($12,000,000 damages award remitted to $7,350,001); *General Motors Corp. v. Johnston*, 592 So.2d 1054 (Ala. 1992)($15,000,000 punitive damages award affirmed). It is also clear that, where such damages are sought under Alabama tort law, the recoverable damages may exceed this Court's jurisdictional threshold, even in instances where the plaintiff's out-of-pocket, economic damages are relatively small. *See, e.g., Southern Energy Homes, Inc. v. Washington,*

774 So. 2d 505 (Ala. 2000)(affirming damages award of $375,000, which included substantial portion allocable to mental anguish, on claims involving damage to home).

In addition, Alabama juries routinely award punitive damages in excess of the $75,000 amount in controversy threshold, even when compensatory damages are relatively small. *See, e.g., Liberty National Life Ins. Co. v. McAllister*, 675 So. 2d 1292 (Ala. 1995)(affirming jury award of $1,000 in compensatory damages and $1 million in punitive damages); *Independent Life and Accident Ins. Co. v. Harrington*, 658 So. 2d 892 (Ala. 1994)($4 million punitive damage award where plaintiff suffered actual damages of $1,200); *Foster v. Life Insurance Co. of Georgia*, 656 So. 2d 333 (Ala. 1994) (actual damages of $2,500, and punitive damages of $1 million). Furthermore, as the Court is well aware, Alabama juries often award large punitive damages awards many times greater than the compensatory damages awarded. This potential must be taken into account, and it strongly supports the conclusion that the jurisdictional minimum has been met in this case.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Thus it was reasonably apparent from the allegations in the Complaint, that this case, which involves claims of physical injuries, including mental anguish, pain and suffering during and following the accident, and medical expenses, as well as claims for punitive damages, involved a controversy whose value for removal purposes was greater than $75,000.

While ASMC denies that any wrong was committed which would entitle plaintiff to any amount of damages, based on a preponderance of the evidence it is clear from the claims asserted in the Complaint and from the awards upheld in similar Alabama cases that the amount in

5

controversy exceeds this Court's minimum jurisdictional requirement. However, even assuming that Plaintiff is correct and that the majority of the Plaintiff's $2,500[2] in medical expenses has been covered by his insurance company,[3] the Plaintiff fails to mention in his Motion to Remand, that he also seeks an undisclosed amount of damages for pain and suffering and property damage[4] in addition to punitive damages. See Exhibit A ("…including the property damage portion of this case"). Alabama juries routinely award substantial damages for pain and suffering even when medical damages are relatively small; and these verdicts have been upheld by the Alabama Supreme Court. *See Shiv-Ram, Inc. v. McCaleb*, 892 So.2d 299, 317 (Ala. 2003) *citing AutoZone, Inc. v. Leonard*, 812 So.2d 1179, 1187 (Ala. 2001)(approving a ratio of punitive damages to compensatory damages of 3.7:1, despite the fact that all of the $75,000 compensatory-damages award in excess of $3,000 necessarily related to mental anguish).

Therefore, in light of the fact that the Plaintiff is seeking damages for medical expenses, property damage, pain and suffering, and punitive damages it is clear that ASMC has proved, by a preponderance of the evidence, that the jurisdictional minimum amount in controversy has been met.

---

[2] Plaintiff claims $2,500 in his Motion to Remand; however, in Plaintiff's August 20, 2007 answers Defendants First Set of Interrogatories, which were struck by the Court on August 21, 2007, he lists his medical expenses as $3,537.29.

[3] There is no evidence in the record as to either the exact amount of medical expenses or the amount that was covered by insurance. *Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1315 n.7 (S.D. Ala. 2003)(noting that "the statement such expenses as are covered by insurance cannot be recovered is not a clear and unequivocal assertion that medical expenses were covered. Finally, even if plaintiffs had made such an assertion, they have presented no evidence to back it up, *i.e.*, no evidence that medical expenses were covered by insurance.")(internal quotations omitted).

[4] The Plaintiff claims approximately $9,000 in property damage to the subject motorcycle. *See* Deposition of Richard Bankhead, Exhibit B, at p. 47.

## II.     Plaintiff's Post-Removal Supplemental Demand Does Not Defeat the Court's Jurisdiction

It is the general rule in this circuit that if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent actions do not divest the court of its jurisdiction over the action. *Poore v. American-Amicable Life Ins. Co. of Texas,* 218 F.3d 1287, 1290-91 (11th Cir. 2000); *see also Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002) ("If jurisdiction was proper at [the] date [of removal], subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *see Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 n. 15 (11th Cir. 1996) ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached[.]"), *overruled on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).

Regardless, in assessing whether it has subject matter jurisdiction, this Court must determine whether subject matter jurisdiction existed at the time of the removal and "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal," and all post-removal evidence submitted by the Plaintiff must be relevant to that period of time. *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

Here, Plaintiff has not offered any evidence that the amount in controversy has changed. Instead, he relies on a settlement demand in the amount of $70,000, that was made for the first time eleven days after the filing of ASMC's Motion For Summary Judgment and less than two months after making his initial settlement demand for $150,000. Although using the demand as part of this attempt to allude the Court's jurisdiction may lend merit to ASMC's Motion For Summary Judgment, the belated demand does nothing to change the amount in controversy. The

demand says nothing about what damages Plaintiff may ask a jury for, or what a jury could award. Indeed, assuming the demand is intended as a "compromise", it suggests the Plaintiff believes the value of his case to be well in excess of the jurisdictional minimum. After discounting the Plaintiff's statements, based on the evidence presented by ASMC, the only conclusion left to draw is that the jurisdictional minimum amount in controversy has been met.

### III.    Plaintiff Is Attempting to Use, or Avoid, the Removal Statutes For Tactical Reasons.

Finally, a plaintiff who fails to contest the removal petition or move for a timely remand is deemed to admit all factual allegations in the removal petition. *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176 (5th Cir. 1968)[5]. While the plaintiff's inaction cannot "give the federal courts jurisdiction of the case when it did not originally exist," Courts have found that the requisite jurisdictional amount in controversy was met, simply based on a review of the complaint and the plaintiff's factual admissions. *Id.* at 175 n. 7. ASMC alleged in the Removal Petition that the case had an amount in controversy in excess of $75,000. *See* Petition For Removal. Plaintiff did not contest this until eight months later when faced with the specter of ASMC's Summary Judgment Motion. Thus, the Court should also conclude that the jurisdictional amount in controversy has been met simply on the factual allegations in the removal petition which, under *Bobby Jones,* have been deemed "admitted" by the Plaintiff.

Furthermore, "Plaintiffs who cause prejudice to the opposing party or who fail to file [for remand] soon after removal should be barred from doing so." *Brooks*, 153 F. Supp. 2d at 1302; citing *Marcel v. Pool Co.,* 5 F.3d 81, 82 (5th Cir. 1993) (denying remand motion filed nine months after removal). "The important issue of whether a federal court has jurisdiction over a

---

[5] Fifth Circuit decisions filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981).

lawsuit on the basis of the amount in controversy should be decided on the basis of substance, not gamesmanship." *Bolling*, 900 F. Supp. at 405. ASMC submits that Plaintiff should be barred from moving to remand this case since he has delayed, without reason, eight months from when the case was removed before moving to remand.

### CONCLUSION[6]

The Court should deny Plaintiff's Motion to Remand. It is clear based on the damages that the Plaintiff seeks--medical expenses, property damage, undetermined pain and suffering and punitive damages--that ASMC has proved, by a preponderance of the evidence, that the jurisdictional minimum amount in controversy has been met. Plaintiff has offered no controverting evidence. ASMC also submits that Plaintiff should be barred from moving to remand this case since he has delayed, without reason, eight months from when the case was removed before moving to remand. The Court should also conclude that the jurisdictional amount in controversy has been met based simply on the factual allegations in the removal petition which, under *Bobby Jones,* have been deemed "admitted" by the Plaintiff.

WHEREFORE, American Suzuki Motor Corporation prays that the Court deny Plaintiff's Motion to Remand.

---

[6] In the unlikely event that the court should grant the Plaintiff's motion and remand the case, ASMC requests that the Court order Plaintiff to pay all of ASMC's just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Alabama Courts have long been wary of plaintiffs "who devilishly move to limit their damages and return to state court only after litigation has taken an unfavorable turn." *Brooks*, 153 F. Supp. 2d at 1302. Thus, the *Brooks* court held that, as a general rule, plaintiffs should pay defendants all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" if the defendant removes on the basis of unspecified damages. *Brooks*, 153 F. Supp. 2d at 1302; 28 U.S.C. § 1447(c).

This 20th day of December, 2007.

/s/ John D. Mayo
One of the Attorneys for Defendant
American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Zachary T. Collins, Esq.
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

Stewart S. Wilbanks, Esq.
Dillard & Associates, LLC
Fourth Floor, Berry Building
2015 2nd Avenue North
Birmingham, Alabama 35203

/s/ John D. Mayo
Of Counsel

# ZACHARY T. COLLINS, ESQ.

*Attorney and Counselor at Law, L.L.C.*



207 Montgomery Street, Ste 215
Montgomery, AL 36104
www.zackcollins.com

Telephone: 334.263.5575
Toll Free Phone: 1.866.310.9225
Fax: 1.334.263.5569

October 5, 2007

**LIGHTFOOT, FRANKLIN & WHITE, L.L.C.**
Attn: John D. Mayo
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200

      RE:    *Richard Bankhead v. American Suzuki Corporation*
               *United States District Court for the Middle District of Alabama*
               *Case No.: 3:07-cv-208*

**VIA FACSIMILE AND FIRST CLASS MAIL**

Dear John:

I apologize for not getting you a demand for settlement earlier.  I appreciate your client's willingness to get this case resolved with the continued expense of unnecessary litigation.

After careful review of my client's injuries, including the property damage portion of this case, my client hereby demands **$150,000.00** to settle this matter.  Of course, I know you will disagree with my value assessment and, if so, ask you to submit a fruitful counteroffer thereto.

I look forward to your response.  As always, I remain,

Truly committed,

Zachary T. Collins
Attorney at Law

cc:    Mr. Stewart Wilbanks
        Mr. Richard Bankhead

EXHIBIT A

**MERRILL LEGAL SOULTIONS**
Court Reporting*Legal Videography*Trial Services

Page 1

1   IN THE UNITED STATES DISTRICT COURT FOR

2       THE MIDDLE DISTRICT OF ALABAMA

3             EASTERN DIVISION

4

ORIGINAL

5   RICHARD BANKHEAD,

6         Plaintiff,

7   vs.                              CIVIL ACTION NO.

8                                    03:07CV208-MHT

9   AMERICAN SUZUKI MOTOR

10  CORPORATION,

11        Defendant.

12

13           *     *     *     *     *

14        DEPOSITION OF RICHARD BANKHEAD,

15  taken pursuant to notice and stipulation

16  on behalf of the Defendant, in the offices

17  of Zachary T. Collins, Esquire, 207

18  Montgomery Street, Suite 215, Montgomery,

19  Alabama, before Nicole Paulk, Certified

20  Shorthand Reporter and Notary Public in

21  and for the State of Alabama at Large, on

22  September 13, 2007, commencing at 8:56

23  a.m.

EXHIBIT
B

2100 3rd Avenue North, Suite 960*Birmingham, AL 35203*www.merrillcorp.com
1-800-888-DEPO

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 47

| | | |
|---|---|---|
| 1 | Q. | Who else was working there in the |
| 2 | | assembly? |
| 3 | A. | Don Ivory, Jeremy Battle, and Matt -- I |
| 4 | | can't remember his last name -- I think it |
| 5 | | was Shines or Shins or -- I think it was |
| 6 | | Shins or something like that. I can't |
| 7 | | remember. |
| 8 | Q. | Did your boss, did he do any assembly? |
| 9 | A. | If it was a busy day, he did. But other |
| 10 | | than that, he just rode around in the |
| 11 | | parking lot. |
| 12 | Q. | That was Tony Whiteside? |
| 13 | A. | Yes, sir. |
| 14 | Q. | Did Dicky Land do any assembly? |
| 15 | A. | No, sir. |
| 16 | Q. | How much did you pay for that Suzuki? |
| 17 | A. | I think it was 10,000 -- or it was either |
| 18 | | 9,000, close to being 10,000. It was one |
| 19 | | or the other. |
| 20 | Q. | Did y'all pay cash or finance? |
| 21 | A. | Finance. |
| 22 | Q. | Are y'all still making payments? |
| 23 | A. | Yes, sir. |