IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| RICHARD BANKHEAD,              )<br>                               )<br>    Plaintiff,                 )<br>                               )       CIVIL ACTION NO.<br>    v.                         )       3:07cv208-MHT<br>                               )           (WO)<br>AMERICAN SUZUKI MOTOR          )<br>CORPORATION,                   )<br>                               )<br>    Defendant.                 )

OPINION AND ORDER

This lawsuit, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff Richard Bankhead's motion to remand. Bankhead contends that removal is improper because the amount in controversy is insufficient to confer federal jurisdiction. For the reasons that follow, the court concludes that Bankhead's motion should be denied.

## I. BACKGROUND

In August 2006, Bankhead was injured while driving a 2006 Suzuki GSX 750 motorcycle when it allegedly caught fire causing him to leave the roadway.

On January 30, 2007, Bankhead sued defendant American Suzuki Motor Corporation in an Alabama state court. He charged American Suzuki with violation of the Alabama Extended Manufacturer's Liability Doctrine and with negligence, wantonness, and breach of warranty. American Suzuki removed this case to federal court on March 8, 2007, and Bankhead moved to remand on November 30, 2007.

## II. GENERAL REMOVAL-AND-REMAND STANDARDS

A civil action brought in state court may be removed by a defendant to federal court if it could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Typically, removal is premised either on federal-question jurisdiction or diversity-of-citizenship jurisdiction. Federal-question jurisdiction exists when the civil action arises under the Constitution, laws, or

treaties of the United States. 28 U.S.C. § 1331. Diversity-of-citizenship jurisdiction exist when the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and the parties are citizens of different States. 28 U.S.C. § 1332(a).

The party seeking removal has, under 28 U.S.C. § 1446, the burden of establishing jurisdiction. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).[1]  After

---

1.  Section 1446 provides, in relevant part:

    "(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

    "(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon

removal, a party can move to remand to state court on the basis of any defect in the removal including lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c).[2] A motion based on a removal defect must be made within 30 days after the filing of the notice of removal. Id. However, "[i]f at any time before final judgment it

---

       the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

       "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...."

2. Section 1447(c) provides, in relevant part:

       "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Thus, there is no time limitation on a motion to remand for lack of subject-matter jurisdiction. Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 n.64 (11th Cir. 2007) ("The existence of subject matter jurisdiction, on the other hand, may be challenged at any time, including within the first thirty days after the notice of removal."). Finally, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

### III. DISCUSSION

In his motion to remand, Bankhead argues that diversity jurisdiction is improper because the more-than-

$ 75,000 amount-in-controversy requirement has not been met.  This court disagrees.

Where, as in this case, the plaintiff does not specifically allege an amount in controversy or the total amount in damages demanded in its complaint, the removing defendant must prove the amount in controversy by a preponderance of the evidence.  Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).  Removal is proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Williams, 269 F.3d at 1319.  If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed."  Id.  However, a mere "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  Id. at 1319-20.

In this case, Bankhead did not specify in his complaint an amount in controversy or how much he was seeking in damages. However, American Suzuki argues that it is facially apparent from Bankhead's complaint that the jurisdictional requirement of $ 75,000 is satisfied. Bankhead has alleged four common-law claims, but his complaint is nowhere near specific enough as to the duration, extent, severity, or kinds of harms alleged such that this court could determine by a preponderance of the evidence the value of such claims, were he to prevail. Therefore, the amount in controversy is not facially apparent from the complaint.

This court therefore looks to the notice of removal and any evidence submitted by the parties to determine whether American Suzuki has met its burden of proving jurisdictional amount by a preponderance of the evidence. First, in its notice of removal, American Suzuki cites several "similar cases" involving product manufacturers where Alabama courts authorized damage awards greater than the jurisdictional minimum. Defendant's Notice of Removal

(doc. no. 1), at 3-4.  It is questionable "whether such general evidence is ever of much use in establishing the value of claims in any one particular suit," Lowery, 483 F.3d at 1221, for "the facts regarding other cases tell us nothing about the value of the claims in this lawsuit." Id.  In any event, the court has reviewed those cases and concludes that they are so factually and legally distinguishable from this case that it is impossible to draw any reasonable conclusions from them.  See Moore v. CNA Foundation, 472 F.Supp.2d 1327, 1332 (M.D. Ala. 2007) (Thompson, J.) ("[Defendant] cites several 'representative cases' where Alabama courts authorized a damage award greater than $ 75,000.  The court has reviewed those cases and concludes that they are so factually and legally distinguishable from this case that it is impossible to draw any reasonable conclusions from them.").

Second, American Suzuki notes in its removal notice that the complaint "contains no disclaimer that plaintiff seeks less than $ 75,000 exclusive of interests and costs."  Defendant's Notice of Removal (doc. no. 1), at 4.

8

As noted above, the burden of proving federal jurisdiction is American Suzuki's, not Bankhead's; therefore the failure of Bankhead to include such a disclaimer is not sufficient to demonstrate by a preponderance of the evidence that the jurisdictional minimum has been met.

Finally, as evidence that the amount in controversy had been met at the time of removal, American Suzuki has attached, to his response in opposition to the remand motion, Bankhead's initial settlement demand letter, seeking $ 150,000.00 to settle the matter. This court agrees with American Suzuki that a settlement letter is admissible evidence of the amount in controversy at the time of removal. The Eleventh Circuit Court of Appeals has stated that "numerous types of documents have been held to qualify" as "other paper," which under 28 U.S.C. § 1446(b) can serve as a basis for removal. Lowery, 483 F.3d at 1212 n.62. "They include ... settlement offers." Id.

However, the Eleventh Circuit has also stated that "the removal-remand scheme set forth in 28 U.S.C. §§

1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents." Lowery, 483 F.3d at 1211. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction," id., and, "[i]f not, the court must remand." Id. The appellate court concluded that, "Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Id. Here, Bankhead's settlement demand letter was sent to American Suzuki in October 2007, seven months after the removal of the litigation to federal court. Therefore, the settlement letter was not part of the removal documents.

The Eleventh Circuit has gone on to clarify that "there are some exceptions to the rule that the court is limited to considering the removing documents." Lowery, 483 F.3d at 1214 n.66. The court explained that, "in some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional

evidence." Id. "For example," the court continued, "such a situation might arise where, after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal." Id.

Bankhead's settlement letter constitutes an effective amendment of American Suzuki's defective notice of removal. In particular, because there is nothing in the record to reflect, or even hint, that damages decreased between the time of removal and the tendering of the settlement letter, the letter provides post-removal clarification of the removal notice showing that the amount in controversy at the time of removal far exceeded the jurisdictional requirement. See id. (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40 n.1 (9th Cir. 2002) (holding that the defendant effectively amended its insufficient notice of removal by later alleging, in its opposition to remand, that the plaintiff had offered settlement for an amount greater than the jurisdictional

11

minimum)); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (allowing for the consideration of post-removal evidence in assessing removal jurisdiction); Fuller v. Exxon Corp., 78 F.Supp. 2d 1289, 1296 (S.D. Ala. 1999) (Vollmer, J.) (concluding that a post-removal clarification "may be considered if the amount in controversy is not apparent on the face of the complaint at the time of removal").

In addition, in a footnote, the Lowery court appears to draw an interesting distinction between jurisdictional challenges made within § 1447(c)'s 30-day time limit and those made later. The court states:

> "There is only a thirty-day window, therefore, for a plaintiff to challenge the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction. ... Where the plaintiff does not challenge the removal on jurisdictional grounds until after judgment, or where the plaintiff challenges removal before judgment but after the thirty-day period has lapsed, the court is no longer considering the propriety of the removal, but instead, whether subject matter jurisdiction exists at all. ... In considering these later challenges to jurisdiction, the court may

> look to any relevant information the parties may present, up until the time of the challenge to jurisdiction."

Lowery, 483 F.3d at 1214 n.64 (citations omitted) (emphasis in original). In Lowery, the jurisdictional challenge was made within the 30-day time limit, and thus, based on this fact and the above quote, Lowery's restrictive statement that "jurisdiction is either evident from the removing documents or remand is appropriate," id. at 1211, applies to only challenges made within the 30-day limit. Here, in contrast, because Bankhead made his jurisdictional challenge after the 30-day limit, this court is not generally limited to the removal documents but instead "may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction," id. at 1214 n.64, including the settlement letter. (Indeed, a lesson that perhaps can be drawn from the Lowery distinction is that a plaintiff who wants to restrict the court to the removal documents had better make his challenge within the 30-day time limit.)

In his motion to remand, filed approximately two months after Bankhead sent the initial settlement demand letter to American Suzuki, Bankhead stipulates that he is not seeking an amount in excess of $ 75,000.00. As evidence he attaches a second settlement demand letter, sent approximately three days prior to his filing of the motion to remand, that seeks $ 70,000.00 to settle the matter.

The court construes this second settlement demand letter as a post-removal waiver of a certain amount of damages in an effort to deprive this court of jurisdiction. See Fuller, 78 F.Supp. 2d at 1296 (concluding that a post-removal waiver "cannot be used to amend a complaint and thereby destroy federal jurisdiction that has already attached"). Where, as here, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Poore v.

American-Amicable Life Ins. Co., 218 F.3d 1287, 1290 (11th Cir. 2000) ("events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction"), overruled on other grounds, Powerex Corp. v. Reliant Energy Servs, Inc., ___ U.S. ___, 127 S.Ct. 2411 (2007).

The court therefore concludes that, on the basis of the initial settlement letter seeking $ 150,000.00, American Suzuki has proven by a preponderance of the evidence that, at the time of removal, the amount-in-controversy requirement under 28 U.S.C. § 1332 was met and that removal was proper under 28 U.S.C. § 1441.

***

Accordingly, it is the ORDERED that plaintiff Richard Bankhead's motion to remand (doc. no. 20) is denied.

DONE, this the 7th day of January, 2008.

                                         /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).