IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BANKHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 3:07CV208-MHT |
| AMERICAN SUZUKI MOTOR | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF BRYAN OSCHMAN

NOW COMES American Suzuki Motor Corporation ("ASMC") and files this Motion to Strike Affidavit of Bryan Oschman requesting the Court enter and Order striking said affidavit, and as grounds therefor show unto the Court the following:

1.    The Court entered a scheduling order on April 4, 2007. The scheduling order set out certain deadlines, one of which being when the parties were to disclose and provide expert reports. The Plaintiff failed to disclose his expert on the date, August 6, 2007, or in the manner ordered by the Court. Pursuant to the Court's scheduling order, ASMC disclosed and provided an expert report on October 8, 2007.

2.    On November 19, 2007, ASMC filed a Motion for Summary Judgment pointing out well established Alabama law that mandates that a plaintiff alleging a defect in a complex device must have disclosed competent expert evidence in order to survive summary judgment. Browder v. General Motors Corp., 5 F.Supp.2d 1267, (M.D. Ala. 1998); Britt v. Chrysler Corporation, 699 So.2d 179, 181 (Ala. Civ. App. 1997).

3.     When the Motion for Summary Judgment was filed, Plaintiff had not offered any expert evidence in support of his defect claim.  The Plaintiff's expert deadline of August 3, 2007, set forth in this Court's April 4, 2007 Uniform Scheduling Order, had run approximately three and a half months prior to the filing of the Motion for Summary Judgment.

4.     On February 1, 2008, the Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment.  Attached to that response was an affidavit from Bryan Oschman dated January 29, 2008.  In his affidavit, Mr. Oschman states that in his opinion "crimped wiring" caused the fire that resulted in the subject accident.  See Affidavit of Bryan Oschman, attached as Exhibit 2 to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment

5.     Plaintiff's purported expert affidavit of Brian Oschman was filed almost **six months** after the Court ordered deadline and still fails to comply with Fed. R. Civ. P. 26 (a)(2) which provides in part:

> (2) Disclosure of Expert Testimony.
>
> > (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 if the Federal Rules of Evidence.
> >
> > (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in

>which, during the witness has testified as an expert at trial or by deposition within the preceding four years.
>
>(C) These disclosures shall be made at the times and in the sequence directed by the court.

Fed. R. Civ. P 26 (a)(2).

6.     Plaintiff waited to file his Response in Opposition to Summary Judgment and Affidavit almost six months after the Plaintiff's expert deadline passed, and only after his Motion to Remand was denied. Plaintiff still fails to disclose his expert in the manner ordered by the Court or request an extension of time for doing so.

7.     Defendant will be extremely prejudiced if Plaintiff is now allowed to file a still deficient, purported expert affidavit at such a late date. For instance, the staggered expert deadlines were contemplated by the parties and the Court so that Defendant's expert would have the opportunity to review and consider the opinions of the Plaintiff's expert prior to disclosure of Defendant's expert report. Defendant has been prejudiced by Plaintiff's failure to provide his expert report in the time and manner dictated by the Court. For those reasons, Defendant's Motion to Strike Affidavit of Bryan Oschman should be granted.

WHEREFORE, American Suzuki Motor Corporation prays that the Court will enter an Order striking Plaintiff's Affidavit of Bryan Oschman and give Defendant's Motion for Summary Judgment due consideration.

This 1st day of February, 2008.

>*/s/ John D. Mayo*
>One of the Attorneys for Defendant
>American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)

3

LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 1st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Zachary T. Collins, Esq.
      207 Montgomery Street, Suite 215
      Montgomery, Alabama  36104

      Stewart S. Wilbanks, Esq.
      Dillard & Associates, LLC
      Fourth Floor, Berry Building
      2015 2nd Avenue North
      Birmingham, Alabama 35203

      */s/ John D. Mayo*
      Of Counsel