**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD BANKHEAD,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CASE NO.: 03: 07 CV208-MHT** |
| **AMERICAN SUZUKI MOTOR CORP., et al.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

COMES NOW the plaintiff by and through counsel of record and responds to the

defendant's Motion to Strike as follows:

1.      The Defendant's claim that Plaintiff had failed to disclose the identity of Plaintiff's expert is inaccurate.

2.      In accordance with this Honorable Court's Uniform Scheduling Order, Plaintiff has previously produced his expert's name, identity and a copy of expert's report. Said disclosure was contained in Plaintiff's Initial Disclosure.  Plaintiff's Initial Disclosure was filed with this Honorable Court on or about May 1st of 2007.

3.      Said Initial Disclosure contained the report that was later attached to Plaintiff's expert, Bryan Oschman's, affidavit.  Mr. Oschman's affidavit was filed simultaneously with Plaintiff's Response to Defendant's Motion for Summary Judgement.  Mr. Oschman's report contained his expert opinion.

4.      Said report contained the name and address of Bryan Oschman.

5.      Plaintiff again disclosed expert witness's identity in Plaintiff's Response to Defendant's Interrogatories.  Said interrogatories were filed with this Honorable Court on or about August 20, 2007.

6.      Plaintiff's expert's identity was again disclosed on January 16, 2008, when Plaintiff responded to Defendant's Opposition to Extension of Time.

7.    Plaintiff's expert's identity was discussed numerous times in Plaintiff's deposition.

8.    Plaintiff has fully complied with this Honorable Court's Uniform Scheduling Order and Plaintiff has fully complied with Federal Rules of Evidence 701, 702, 703, 705 and Rule 26 (a) (2) of the Federal Rule of Civil Procedure.

9.    However, if this Honorable Court should find that Plaintiff failed in any way to comply with the Court's Uniform Scheduling Order, Plaintiff did so inadvertently and without nefarious intent.

10.    By allowing the affidavit of Bryan Oschman, Defendant will not been prejudiced in any way and will not be prejudiced in the future.

Respectfully Submitted,

/s Stewart S. Wilbanks
Stewart S. Wilbanks
DILLARD AND ASSOCIATES, L.L.C
Fourth Floor, Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
Telephone: (205) 251-2823
Fax: (205) 251-3832
Email: dillardandassoc@aol.com
ASB-3234-W80W

## CERTIFICATE OF SERVICE

_____I hereby certify that on February 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system which will send notification of such filing to the following:

**John D. Mayo, Esq.**
Lightfoot, Franklin & White
The Clark Building
400 North 20th Street
Birmingham, AL 35203

**Stewart Andrew Kelly, Esq.**
Lightfoot, Franklin & White, L.L.C
400 20th Street N.
Birmingham, AL 35203
dkelly@lfwlaw.com

**Zachary T. Collins, Esq.**
207 Montgomery Street
Ste. 213
Montgomery, AL 36104
zackcollins@tmail.com

/s/ Stewart S. Wilbanks
Of Counsel