**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD BANKHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 3:07CV208-MHT |
| AMERICAN SUZUKI MOTOR | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF THE MOTION TO STRIKE
AFFIDAVIT OF BRYAN OSCHMAN**

NOW COMES American Suzuki Motor Corporation ("ASMC") and files this Reply In Support of the Motion to Strike Affidavit of Bryan Oschman requesting the Court enter an Order striking said affidavit, and as grounds therefor show unto the Court the following:

1. Plaintiff's purported expert affidavit of Brian Oschman was filed almost **six months** after the Court-ordered deadline and still fails to comply with Fed. R. Civ. P. 26 (a)(2) which provides in part:

> (2) Disclosure of Expert Testimony.
>
> > (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 if the Federal Rules of Evidence.
> >
> > (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or

> other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which, during the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court.

Fed. R. Civ. P 26 (a)(2).

2. Plaintiff's alleged expert report is a copy of a barely legible note written on an auto repair estimate form. See Exhibit 2 to Plaintiff's Response in Opposition to Motion for Summary Judgment. The note was not disclosed as an expert report prior to the plaintiff's August 6, 2007 expert disclosure deadline, and was only disclosed as such on February 1, 2008,—almost 6 months after it was due—when the plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment.

3. Regardless of its disclosure date, the plaintiff is well aware that the neither the note nor the plaintiff's purported expert affidavit conform to the requirements of Fed. R. Civ. P. Rule 26 as set out above.

4. As previously stated in the Motion to Strike the Affidavit of Bryan Oschman, Defendant will be extremely prejudiced if plaintiff is now allowed to file a still deficient, purported expert affidavit at such a late date. For instance, the staggered expert deadlines were contemplated by the parties and the Court so that Defendant's expert would have the opportunity to review and consider the opinions of the plaintiff's expert prior to disclosure of Defendant's expert report. Defendant has been prejudiced by plaintiff's failure to provide his expert report in

the time and manner dictated by the Court. For those reasons, Defendant's Motion to Strike Affidavit of Bryan Oschman should be granted.[1]

WHEREFORE, American Suzuki Motor Corporation prays that the Court will enter an Order striking Plaintiff's Affidavit of Bryan Oschman and give Defendant's Motion for Summary Judgment due consideration.

This 15th day of February, 2008.

                                                     /s/ John D. Mayo
                                                     One of the Attorneys for Defendant
                                                     American Suzuki Motor Corporation

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

---

[1] Should the Court decide to allow the purported expert affidavit of Bryan Oschman and deny Defendant's Motion for Summary Judgment, Defendant respectfully requests that the Court enter a new scheduling order to allow the Defendant time to conduct expert discovery and depose plaintiff's expert.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 15th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Zachary T. Collins, Esq.
      207 Montgomery Street, Suite 215
      Montgomery, Alabama  36104

      Stewart S. Wilbanks, Esq.
      Dillard & Associates, LLC
      Fourth Floor, Berry Building
      2015 2nd Avenue North
      Birmingham, Alabama 35203

                            */s/ John D. Mayo*
                            Of Counsel